EDWARD E. KENYON *vs.* BERTHA E. CAMERON.

A declaration in slander contained a count which purported to set forth the very words used in uttering the slander, and also other counts, that alleged the making of defamatory charges, without purporting to set forth even substantially the words used. *Held*, that said other counts were bad, and that, on trial to the jury, evidence in support of them was properly excluded.

Awarding exemplary damages is discretionary with the jury when the case submitted allows them. The court fulfils its duty in telling the jury whether or not the case allows them, and in calling attention to the evidence on which the discretion of the jury is to be received. An instruction to the jury that the plaintiff is entitled to them is improper.

EXCEPTIONS to the Court of Common Pleas.

*Providence, July* 19, 1890. DURFEE, C. J. This is case for slander. The declaration contains several counts. The first count

purports to set forth the very words used by the defendant in slandering the plaintiff. The other counts, except the last, allege the making of defamatory charges by the defendant against the plaintiff, without purporting to set forth the very words used, or even words that were substantially the same as the words used. The defendant pleaded the general issue with notice of justification by proof of the truth of the alleged slanders. The case was tried in the Court of Common Pleas, and resulted in a verdict for the plaintiff for one dollar. It comes before us on exceptions taken by the plaintiff.

The first exception is because, in the court below, immediately after the plaintiff had opened his case, the defendant's counsel gave notice that he should object to all evidence offered except on the first count, because the other counts did not set forth the words of the alleged slander, and the court sustained the objection. The plaintiff contends that this was error, and cites *Whiting* v. *Smith*, 13 Pick. 364, which fully supports him. That case follows *Nye* v. *Otis*, 8 Mass. 122, and rests, like said case, largely on a *dictum* of Lord Hardwicke in *Nelson* v. *Dixie*, Lee, Cas. Temp. Hardwicke, 305, and on certain books of precedents or forms. Lord Hardwicke's *dictum* has been rejected in England, and in this country the doctrine of the Massachusetts cases has not met with approval.

The leading case in England is *Cook* v. *Cox*, 3 M. & S. 110, decided A. D. 1814. " It is of the substance of a charge for slander," said Lord Ellenborough, in giving judgment in that case, " that the words themselves should be set out with sufficient innuendoes and sufficient explanation, if required, to make them intelligible." Lord Ellenborough pointedly condemned the *dictum* of Lord Hardwicke, which was cited to the contrary. In *Gutsole* v. *Mathers*, 1 M. & W. 495, 502, decided A. D. 1836, Lord Abinger said that the judgment in *Cook* v. *Cox* was delivered after much consideration, and in that case it was accepted as settling the law. " If it were sufficient to state merely the effect of the words," said Lord Abinger in *Gutsole* v. *Mathers*, " any person would be at liberty to swear as to the effect of the words without stating any precise words, and, even if the witness did state precise words, the jury would have to judge of their legal effect, whereas that is decided generally by the court." In *Cook* v. *Cox*, Lord Ellen-

borough gives another reason why it is important that the words should be set out. " Unless the very words are set out," he says, " by which the charge is conveyed, it is almost, if not entirely, impossible to plead a recovery in one action in bar of a subsequent action for the same cause. Identity may be predicated with certainty of words, but not of the effect of them as produced on the mind of the hearers." Mr. Chitty, who doubtless states the law as it is understood to exist in England, says : " The libel itself or slanderous words must be set out *in hæc verba*, and the declaration must profess so to set forth the matter." 1 Chitty on Pleading, \*419. The strictness of the rule is illustrated by this, that, if the slander be uttered in a foreign language, it must be set out in the original words, the import thereof being averred in English. *Zenobia* v. *Axtell*, 6 Term Rep. 162.

In this country the English rule has been followed, with some slight relaxation in some of the States. *Forsyth* v. *Edmiston*, 5 Duer, 653 ; *Ward* v. *Clark*, 2 Johns. Rep. 10 ; *Fox* v. *Vanderbeck*, 5 Cow. 513 ; *Taylor* v. *Moran*, 4 Metc. Ky. 127 ; *Bagley* v. *Johnston*, 4 Rich. S. Car. 22 ; *Parsons* v. *Bellows*, 6 N. H. 289 ; *Hazelton* v. *Weare*, 8 Vt. 480 ; *Yundt* v. *Yundt*, 12 Serg. & R. 427. In *Kennedy* v. *Lowry*, 1 Binn. 392, it was held that it was not necessary that the declaration should purport to set forth the *identical* words, but it would suffice if it professed to set forth the words substantially as used. In *Tipton* v. *Kahle*, 3 Watts, 90, it was said, in explanation of *Kennedy* v. *Lowry*, that the purport of the words may be laid, " but it is not permitted to drop both the language and the ideas uttered and sum up all in one round charge, and leave it to the jury to say whether the words proved amount to it."

We do not think that the court below, under the law as thus laid down, even in the cases in which it is laid down most broadly, committed any substantial error ; for though the last count may be allowable under the Pennsylvania cases, it but repeats a part of the slanders of the first count in such form that proof thereof would likewise be proof under the first count. The first exception must therefore be overruled.

The second exception is, because the court below refused the plaintiff's request to charge the jury as follows, to wit : " If such charges as those complained of in this action are not proved to be

true, malice is implied, and the plaintiff is entitled to exemplary damages, and the fact that she has continued the accusation in court will enhance and increase the damages." There was no error in the refusal. Awarding exemplary damages, in cases where they are allowable, is discretionary with the jury; and an instruction that informs the jury that it is their duty to award them, or, in other words, that the plaintiff is *entitled* to them, is improper. *New Orleans, &c. R. R. Co.* v. *Burke,* 53 Miss. 200; *Boardman* v. *Goldsmith,* 48 Vt. 403; *Hawk* v. *Ridgway,* 33 Ill. 473. The court fulfils its function when it instructs the jury whether the case is one that is proper for such damages, and brings to their mind the evidence of wilful malice or aggravation, if such there be, on which they are to exercise their discretion. This view covers the concluding part of the request. For the defendant to plead the truth when he cannot prove it may be evidence, but it is not conclusive evidence, of actual malice. *Hawver* v. *Hawver,* 78 Ill. 412.

The third exception is too palpably groundless to need remark.

*Exceptions overruled.*

*A. B. Crafts,* for plaintiff.
*Ziba O. Slocum & E. P. Allen,* for defendant.