LAWRENCE T. SMITH *vs.* EDWARD G. MACOMBER.

APRIL 3, 1907.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson and Parkhurst, JJ.

(1)  *Punitive damages.*

Where, in an action of trespass for assault and false imprisonment, defendant filed an additional plea justifying the arrest of plaintiff on the ground of insanity, which plea was filed more than fifteen months from the date of the imprisonment, and seven months after the first pleas, no proper proof being produced to sustain the charge, such an attempt to justify constitutes an aggravation of the original offence, and as malice may be inferred from such a failure of defence, a verdict awarding punitive damages will not be disturbed.

TRESPASS *vi et armis.*  Heard on exceptions of plaintiff to decision of Superior Court granting a new trial for excessive damages, and exceptions sustained.

DUBOIS, J.  This is an action of trespass *vi et armis* for assault and battery and false imprisonment.  After verdict for the plaintiff, with damages assessed in the sum of $2,500, upon the defendant's motion for a new trial the presiding justice of the Superior Court held that, although he could not set aside the verdict of the jury on the merits of the case, he would grant a new trial for excessive damages unless the plaintiff would remit the sum of $2,300, which the court deemed excessive.

To this ruling the defendant took no exception, but the plaintiff did except and has duly prosecuted his bill of exceptions, based upon the following grounds: That said decision is against the law and evidence, and that the verdict of the jury was not excessive.

The only question that we need to answer, therefore, is whether the damages awarded are excessive.  The determination of this question involves a consideration of the circumstances in which the assault and imprisonment were made and the manner in which the same were sought to be justified by the defendant.

It appears that on the tenth day of July, 1904, the plaintiff, while in St. Mark's Church in the town of Warren, Rhode Island, attempted to speak to the defendant's niece, who was a member of his household, as she was being escorted from the church by a young man. Her escort requested the plaintiff not to speak to her, and he desisted. Afterwards, on the same day, the escort of the young lady and a friend of his made an assault upon the plaintiff, who ran away and made complaint of the assault to a policeman of the town. The policeman advised him to make his complaint to the defendant, who was then chief of police and prosecuting officer.

The plaintiff then met the defendant on the street and made his complaint, and was arrested by him and taken to the police station and kept in confinement there in a cell for several hours. After that he was brought before the judge of the District Court in his private office and permitted to depart, as no warrant had been issued against him. In and about the court-room, which was in the same building as the lockup, quite a crowd had collected, including the two young men who had assaulted him earlier in the day, and against whom he was trying to make the complaint which resulted in his own arrest. As the plaintiff was departing from the building he was set upon and horse-whipped by his former assailants, who were then arrested and fined for this offence. On the twenty-seventh day of January, 1905, he brought this suit against the defendant, who was served with process on the thirty-first day of the same month. The writ was returnable, and with the declaration was filed, on the twentieth day of February, 1905. The declaration contained two counts, one for assault and battery, and the other for false imprisonment. On the first day of March, 1905, the defendant filed his pleas: the general issue, and another justifying the arrest and imprisonment, upon the ground that at the time of the arrest the plaintiff was revelling, and that as watchman and chief of police it was the duty of the defendant to prevent and suppress the same and to keep the plaintiff until he could be brought before the proper court for hearing; that he was so brought before the justice having jurisdiction in the premises, and that upon his

own request to be allowed to depart without further prosecution, and upon his promise to behave better in the future, he was released from custody. Nearly eight months later, on the twenty-sixth day of October, 1905, by agreement between counsel of the parties, the defendant filed an additional plea in justification, setting forth his duty as watchman and chief of police to maintain peace and good order, and to protect all persons and property, in the town of Warren, and that the plaintiff on and for a long time prior to the tenth day of July, 1904, at said Warren and vicinity, had conducted himself in a quarrelsome, turbulent, threatening, and violent manner and had acted in such an unusual, erratic, strange, and violent way that the defendant, before and on the day of the detention of the plaintiff, well knowing the character and reputation of the plaintiff, had good and reasonable cause to believe that the plaintiff would commit some violent and illegal act unless he was promptly and immediately restrained, and that he was mentally unbalanced, insane, and dangerous to the safety, good order, and peace of the people of Warren, and that on the tenth day of July, 1904, the said plaintiff, at said Warren, at the junction of Main and Church streets, with wild look and expression, was making a great noise and disturbance, swinging his arms, gesticulating, and talking incoherently and in an extravagant, threatening, violent, and disorderly manner, to the disturbance and annoyance of the peaceable inhabitants of said town; and that the said defendant then and there having good and reasonable cause to believe, and then and there believing, that said plaintiff was insane and dangerous to the inhabitants of said Warren, to prevent and suppress a further disturbance, and to protect the people of Warren from the plaintiff, and to keep him safely until he could be brought before the proper court for hearing, to be examined touching the same according to law, then and there gently detained the plaintiff for the space of four hours, and on the same day promptly and in a lawful manner took him before the justice having jurisdiction over offences committed in said Warren, and the plaintiff having been heard before said justice, then and there, upon his own motion and of his own volition, ur-

gently requested to be allowed to go without prosecution, and upon making promises and assurances for better and proper behavior in the future, was, in consideration of the promises and assurances, at once released from custody without further prosecution for his said offences.   To these pleas the plaintiff replied *precludi non* because *de injuria, etc.*, upon which issue was thereupon joined.

(1)   Whether the plaintiff was revelling or acting insanely at the time of his arrest, so that the defendant was justified in taking him into custody and keeping him in confinement, was a question for the jury, and the burden of proof, to make out such justification, was upon the defendant.   The jury by verdict have said that he was not, and the presiding justice of the Superior Court has refused to set aside the verdict in that particular, and no exception was taken to such refusal by the defendant.   That finding must remain undisturbed.   That question is finally answered.   It is no light matter to make such accusations as are contained in the defendant's pleas.   An unsuccessful attempt to justify upon such grounds constitutes an aggravation of the original offence.   It is an additional injury.   Moreover, it was done after mature deliberation. Nearly eight months had elapsed between the time of the arrest and the filing of the first plea, and it was more than fifteen months from the date of the imprisonment to the time of filing the plea of justification on the ground of insanity.   No proof worthy of the name was forthcoming to sustain either charge. Malice may well be inferred from such a failure of defence. After reading the transcript of the testimony we are not surprised at the large damages awarded by the jury   They should be large;  whether we would have awarded as much is not the question.   If the defendant had frankly admitted that he arrested and imprisoned the plaintiff to punish him for annoying the niece of the defendant, there is no doubt but that the damages in such event would have been much smaller than those assessed by the jury.   But when the defendant justified his wanton acts of arresting and detaining the plaintiff—who had come to him to enter his well-grounded complaint against the young men who had assaulted him and who afterwards

repeated the offence—and sought to escape liability through a defence consisting of libelous pleas maliciously prosecuted, it is no wonder that punitive damages were awarded.

The effort to create for the plaintiff a general reputation of being either criminal or insane, or both, by attempting to turn tattle into testimony and idle rumor into evidence, justly recoiled upon the defendant. For these reasons we think that the verdict of the jury ought not to be disturbed.

Plaintiff's exception sustained, and case remanded to the Superior Court with direction to enter judgment on the verdict.

*Cooney & Cahill*, for plaintiff.

*Orrin L. Bosworth, John W. Hogan, & Philip S. Knauer*, for defendant.