## CHARLES E. HICKEY *vs* E. L. BOOTH.

### APRIL 21, 1909.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Damages. New Trial.*

In an action for trespass, for assault, while the damages awarded may be larger than the court would have assessed, yet, the jury being justified in awarding punitive damages, the court will not disturb their finding unless the amount is so large as to shock the conscience of the court, or unless the court is satisfied that the jury have been improperly influenced or have acted from passion, prejudice, or partiality.

(2) *Damages. Party can not be Punished for Perjury by Award of Punitive Damages.*

In an action for trespass, where the testimony warranted the conclusion that one set of witnesses or the other was willfully trying to deceive the court and jury, it was error for the court to lead the jury to believe that the perjury could be punished by them in such action; and while punitive damages might properly have been awarded, they should be awarded as punishment for the trespass and not for the perjury.

(3) *Damages. Jury can not be Influenced because of Perjury.*

In an action for trespass it was error for the court to lead the jury to believe that, if they found defendant's testimony false, they might legitimately be influenced by a prejudice against her in the further consideration of the case.

TRESPASS, for assault. Heard on exceptions of plaintiff, and overruled.

SWEETLAND, J.   This is an action of trespass, for assault, and battery.

At the trial before the Superior Court and a jury, the plaintiff testified that in the summer of 1905, he was employed by the defendant as manager of a restaurant, conducted by the defendant, in the town of New Shoreham; that upon a certain day in August, 1905, in said restaurant, the defendant, intentionally, threw a large water-bottle at the plaintiff; that this water-bottle struck the plaintiff upon his back, over the kidneys, causing the plaintiff to fall down, and injuring him severely.   In essential particulars the plaintiff was supported in his testimony as to the assault by the testimony of his brother and one other witness.   In her testimony the defendant admitted that she was present at the place and time stated by the plaintiff and his witnesses, but denied in a most positive manner that she had assaulted or struck the plaintiff in any way.   The testimony of the defendant was corroborated by that of her daughter.

The jury rendered a verdict for the plaintiff for $1,000, the full sum of the *ad damnum*.

The defendant filed her motion for a new trial in the Superior Court on the grounds that the verdict was against the law, and the evidence and the weight thereof, and was against the law and that the damages awarded by the verdict were excessive.

Upon this motion the justice presiding in the Superior Court, on August 22nd, 1908, decided that "the amount of damages awarded is grossly excessive.   The actual damage, if any, suffered by the plaintiff at the hands of the defendant, was slight, and taking a view of the testimony most favorable to the plaintiff, the court is of the opinion that $350 would be a liberal allowance to the plaintiff; accordingly, the petition of the defendant for a new trial will be granted unless the plaintiff, on or before September 1st next, in writing shall remit all of said verdict in excess of said sum of $350."

To this decision of the Superior Court the defendant did not except.

The plaintiff did not file his remittitur on or before September 1st, 1908, in accordance with the decision of the Superior Court, but excepted to said decision and duly filed his bill of exceptions, which is now before this court.

In this court the plaintiff urges that said decision of the Superior Court granting a new trial should be set aside, that the verdict of the jury was not excessive.

(1) Upon consideration of the testimony relating to the injury which the plaintiff claims that he suffered as a result of the alleged assault, the court is of the opinion that the damages awarded by the jury are larger than this court would assess if it was called upon to fix compensation for these injuries. Also, the justice who presided in the Superior Court, who saw the witnesses and had the benefit of that observation in forming his judgment, has declared that the amount of the damages awarded is grossly excessive. In considering the amount of damages it should not be overlooked, however, that the testimony of the plaintiff and his witnesses, which the jury undoubtedly accepted as true, shows a considerable amount of personal injury, of loss of wages, of expenses for medical attendance, and of pain suffered by the plaintiff. Also, the jury, in the circumstances of this case, in addition to compensatory damages, were justified in awarding punitive or exemplary damages against the defendant. Furthermore, the question of the amount of damages was one within the province of the jury to determine, and the court will not disturb their finding in that regard unless the amount awarded is so large as to "shock the conscience of the court," or unless the court is satisfied that the jury have been improperly influenced or have acted from passion, prejudice, or partiality.

While the damages awarded appear to be somewhat large, the court can not say, from an examination of the testimony alone, that they are so large as to shock the conscience of the court. From a consideration of the whole record, however, we are forced to the conclusion that the verdict of the jury in the matter of damages was not based upon a fair consideration of the testimony, but was the result of passion

and prejudice produced in the minds of the jury by the charge of the justice presiding at the trial.

(2)    The conflict between the testimony of the witnesses for the plaintiff and that of the witnesses for the defence, as to the alleged assault, warranted the conclusion that one set of witnesses or the other was willfully trying to deceive the court and jury. This might well excite the indignation of the court. It would be the duty of the justice presiding, if he believed that perjury had been committed before him, to set in motion criminal proceedings, that the guilty persons might be punished in a proper tribunal. But it would be error to lead the jury to believe that the perjury could be punished by them in the case then on trial.

The issue in the case was a simple one. If the jury found the defendant not guilty of the assault alleged, the verdict would be the same whether the jury believed that the plaintiff had committed perjury or was honestly mistaken. If the jury found the defendant guilty, their opinion as to the honesty of the defendant's testimony should have no effect upon the amount of the damages awarded. Punitive damages might properly be given in this case, but they would be awarded as punishment for the assault, not as punishment for perjury committed at the trial.

The justice presiding at the trial, after commenting at length upon what he terms "most bare-faced perjury going on in this court room," instructed the jury: "You have the duty of deciding between the parties litigant in this court. You have that duty, which you have in every case, and in addition to that in this case you have the extraordinary duty, which you owe to the State, to see to it that no liars, no perjurers, prevail in this court. That is an important duty which you owe; and you have no right to shirk it." From this instruction the jury must have believed it their duty to do more than decide the issues in the case.

Again, the justice presiding instructed the jury: "Some one has committed perjury; some one must be punished for it." The effect of this instruction must have been to inflame

the minds of the jury against the party whose testimony they did not believe. This instruction would be particularly vicious if the party whom the jury disbelieved chanced to be the defendant; for as to the plaintiff, the jury could not assess damages against him, even if they believed him guilty of perjury; but as to the defendant, the only manner in which the jury could punish her for false swearing would be by assessing damages against her in excess of proper damages for the wrong alleged in the declaration.

(3)   The justice presiding further instructed the jury: "You are to take the case absolutely free from any prejudice except such prejudice as you naturally would feel against any one whom you believed to be a falsifier. That is a legitimate prejudice—but I mean no prejudice against the parties as such." The justice might properly have cautioned the jury that, if they found the defendant untruthful in her testimony regarding the assault, that should not be permitted to affect the assessment of damages; but it was error to lead the jury to believe that, if they found the defendant's testimony false, they might legitimately be influenced by a prejudice against her in the further consideration of the case.

The charge of the justice would naturally lead the jury to base their computation of damages upon passion and prejudice rather than upon an unbiased consideration of the elements which constitute the true measure of damages in the case. We are of the opinion that the effect of these erroneous instructions appears in the verdict which the justice himself has denominated as grossly excessive in amount.

Plaintiff's exceptions overruled. Case remitted to Superior Court for a new trial.

*William R. Champlin,* for plaintiff.
*Edward M. Sullivan,* for defendant.