BERNARD WILMOT, p. a., *vs.* LOUIS L. C. BARTLETT.

JUNE 23, 1915.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1) Punitive Damages. New Trial. Reduction of Damages.*

Under the established rule in this State when the verdict of a jury has been disapproved by the trial judge and a motion for new trial has been granted by him on the ground that the verdict fails to administer substantial justice, his decision will not be disturbed unless it appears that his conclusion was erroneous.

While there is a distinction between cases where punitive damages and compensatory damages only are involved, with regard to the duty of the court in reducing damages, this distinction does not prohibit such action on the part of the trial court, where the punitive damages are so large as to shock the conscience of the court or where the court is satisfied that the jury have been improperly influenced or have acted from passion, prejudice or partiality.

TRESPASS. Heard on exceptions of both parties. All exceptions overruled.

JOHNSON, C. J. This is an action of trespass brought by the plaintiff, a boy ten years of age, through his father as next friend, to recover for alleged injuries received by him on September 9, 1913, by being assaulted by the defendant.

The declaration consists of the usual count for assault and battery and the defendant pleaded specially *molliter manus imposuit* that the plaintiff was trespassing on defendant's property and stealing grapes, when the defendant caught him and put him out, using only so much force as was necessary in doing so.

The case was tried in the Superior Court before Mr. Justice Doran and a jury, and on March 17, 1914, a verdict was rendered for the plaintiff for $1,500.

The defendant in due course moved for a new trial on the grounds: That said verdict is contrary to the evidence and the weight thereof; that said verdict is contrary to the law; that said verdict is contrary to the charge of the justice presiding at said trial; that the damages awarded by said verdict are excessive; and that said defendant has discovered new and material evidence in said case.

The motion for a new trial was argued before Mr. Justice Doran, and on April 24, 1914, he rendered a decision granting said motion unless plaintiff remitted, on or before May 6, 1914, all of said verdict in excess of four hundred dollars. The plaintiff did not remit. Both the plaintiff and defendant duly excepted and the case is before this court on both said bills of exceptions.

The plaintiff's exception is: "To the decision of the trial justice granting the defendant a new trial unless the plaintiff would, on or before a certain date, remit all of said verdict in excess of four hundred dollars."

The defendant's exceptions are: "(1) To the ruling of the court in refusing to direct a verdict for the defendant; (2) To the decision of the trial justice in refusing to grant defendant's motion for a new trial, on the grounds stated therein, unconditionally."

(1)     The rule is well established in this State that when the verdict of a jury has been disapproved by the judge who presided at the trial, and a motion for a new trial has been granted by him on the ground that the verdict fails to administer substantial justice, such exercise of his power will

not be disturbed by this court unless it appears that such conclusion of the trial judge is erroneous. *Noland* v. *R. I. Co.*, 30 R. I. 246; *Barbour* v. *Hall*, 32 R. I. 245; *McMahon* v. *R. I. Co.*, 32 R. I. 237.

The plaintiff's counsel argue that there is a distinction between cases where punitive damages are involved and other cases with regard to the duty of the court in reducing damages. The jury could, and they were so instructed by the court, allow punitive damages if they found that the injury was the result of a willful, wanton or grossly reckless act, in addition to damages simply compensatory. As was said by this court in *Hickey* v. *Booth*, 29 R. I. 466, 468: "The question of the amount of damages was one within the province of the jury to determine, and the court will not disturb their finding in that regard unless the amount awarded is so large as to shock the conscience of the court, or unless the court is satisfied that the jury have been improperly influenced or have acted from passion, prejudice or partiality."

The testimony in substance shows that the plaintiff was in defendant's yard stealing grapes; that defendant took hold of him and carried him to the fence; that he shook him and put him over the fence; some of the witnesses say he threw him; that the boy's clothing caught on the picket and defendant lifted him up from the fence, and some witnesses say dropped him and others say threw him down on the sidewalk. There is considerable conflict among plaintiff's witnesses as to the details and the amount of violence used. When seen by the doctor on the same day, the boy had a puncture of the skin on his right thigh about one quarter of an inch in diameter and the tissues were discolored over about an inch and a half in diameter. The wound became infected and the boy was in bed about ten days or two weeks. The doctor attended him from September 9th to October 14th, practically every day for the first week and every two to three days after that. The doctor said the boy suffered pain from the wound for the first week; that he was able to be up and use his leg at the end of two weeks.

The judge in his rescript says: "Plaintiff's witnesses exhibited great animus against the defendant. This is mentioned not as bearing upon their veracity, but on account of the likelihood or possibility of its prejudicing the jury. In argument plaintiff's counsel said in substance that defendant had nothing to do but look out for his property, and that $5,000 was nothing to him, and implied that defendant did not work because he was wealthy. Passing over the question of the right in this State to prove defendant's wealth in such an action, the evidence in this case did not justify such a statement. The evidence was only that defendant's occupation or profession was civil engineering; that he had not actively pursued it for a few years, and that he busied himself about his place. I intended to tell the jury that this statement was unwarranted, and should be disregarded, but the matter slipped my mind in making the charge.

"The damages are grossly excessive. Plaintiff was kept in bed about two weeks, and the detention would have been less if the laceration of his leg had not suppurated.

"A new trial will be granted unless plaintiff will in writing, on or before May 6th, 1914, remit all of the damages awarded in excess of $400."

While, as plaintiff's counsel argue, there is a distinction between cases where punitive damages are involved and cases where only compensatory damages are involved, with regard to the duty of the court in reducing damages, we cannot regard the distinction as one prohibiting such action on the part of the court with regard to punitive damages where the damages awarded are so large as to shock the conscience of the court, or where the court is satisfied that the jury have been improperly influenced, or have acted from passion, prejudice, or partiality.

The trial judge had the advantage of seeing the witnesses, noting their demeanor on the witness stand, and their manner of testifying. From our examination of the evidence we cannot say that his decision granting a new trial unless

the plaintiff would on or before a certain day remit all of the verdict in excess of four hundred dollars was erroneous. The defendant's exceptions are without merit. The motion for the direction of a verdict for the defendant was rightfully denied, and the judge did not err in refusing to grant defendant's motion for a new trial unconditionally.

All the exceptions, both of the plaintiff and the defendant, are overruled and the plaintiff having failed to file a remittitur the case is remitted to the Superior Court for a new trial.

*Hammill & Bradford*, for plaintiff.
*Edward W. Bradford*, of counsel.
*Bassett & Raymond*, for defendant.
*Russell W. Richmond*, of counsel.