## JULIA NOREL *vs.* FELIX GROCHOWSKI.

### JUNE 1, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

MURDOCK, J. This is an action of trespass for assault and battery which was tried before a jury in the Superior Court. A verdict was rendered in favor of the plaintiff and damages

awarded in the sum of $2,000. The case is in this court on defendant's bill of exceptions—the exception relied upon being to the refusal of the trial justice to grant a new trial.

The evidence was conflicting; the verdict has the approval of the trial justice. The record discloses nothing that would warrant a departure from the usual rule in such cases. We are of the opinion, however, that the damages awarded are excessive. While the assault was grievous, it does not appear that the plaintiff suffered any severe or permanent injuries.

The trial justice in refusing to modify the verdict as to damages expressed his belief that the amount awarded was "quite high" but declined to reduce the same because he said he was unable to separate the actual damage from the punitive damages. While it is impossible to determine with accuracy how much the jury considered was the actual damage and how much punitive damages, a verdict deemed to be excessive should not be allowed to stand for that reason alone. The actual damage to the plaintiff would not sustain a verdict of any considerable amount and it would appear that the verdict for the greater part was for punitive damages.

In determining such damages the financial ability of the defendant to respond should be taken into consideration as punitive damages are not awarded as compensation but as a deterrent to defendant for the future. The ability of the defendant to respond is not the sole consideration but it is, however, an important factor. The defendant in the instant case does not appear to be a person possessed of any considerable means and we are of the opinion that $1,000 would be ample damages under all of the circumstances. *McFetters* v. *Cardone*, 47 R. I. 144.

Defendant's exception is sustained.

It is ordered that the case be remitted to the Superior Court for a new trial unless the plaintiff, on or before June 10, 1931, files in the clerk's office of the Superior Court her remittitur of all of said verdict in excess of $1,000. If the plaintiff files her remittitur within the time fixed, the

Superior Court is directed to enter judgment for the plaintiff in the sum of $1,000.

*Higgins & Yaraus*, for plaintiff.

*Felix A. Toupin*, for defendant.