MARY PARRILLO *vs.* MARIA DELIBERO.

JULY 22, 1954.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. This is an action of trespass *vi et armis* in which the defendant is alleged to have assaulted the plaintiff. After a trial in the superior court the jury returned a verdict for the plaintiff in the sum of $2,500. The trial justice granted the defendant's motion for a new trial unless within seven days the plaintiff filed a remittitur of all of the verdict in excess of $1,500. The plaintiff filed such a remittitur and thereafter the defendant duly prosecuted her bill of exceptions to this court.

The bill contains a number of exceptions but only those numbered 14 to 21 inclusive and exception 25 are now pressed. The remainder having been neither briefed nor argued are deemed to be waived. Exceptions 14 to 21

involve the admission in evidence over defendant's objection of plaintiff's exhibits 1 and 2, the asking of certain questions, and the denial of a motion to strike concerning them. Exception 25 is to the denial of defendant's motion for an unconditional new trial. The facts appearing in evidence may be stated briefly.

On the afternoon of August 24, 1951 plaintiff stopped in the town of Johnston at the home of Mrs. Florence Clinton, who lived on the second floor of a two-family house owned by defendant. Two of plaintiff's boys had been visiting at the Clinton house and plaintiff intended to take them home in her automobile. Upon leaving the house with her children and her granddaughter, plaintiff was hailed by a large woman, not then known by her but identified by another as the defendant, who called and indicated to her to come over to a nearby greenhouse. The plaintiff did so, one of the boys and her granddaughter having gone to the automobile. The other boy remained in the Clinton yard. As plaintiff stepped inside the entrance to the greenhouse defendant immediately began to strike her on the left arm and shoulder, back and head with a stick about the size of a bat, and as plaintiff attempted to get away defendant pulled her by the hair and struck her again. The plaintiff made her escape and went to her automobile. In the meantime Mrs. Clinton hearing the noise came out of her house and aided plaintiff who in a short time drove to her home. The plaintiff then called the police and made a complaint. Later she saw a doctor and received treatment.

As a result of the complaint, the Johnston police visited defendant's premises but were informed by defendant's husband that she was in the city of Providence. The police went to her house again and eventually gained an entrance and found defendant in a closet. She claimed that she was ill and nervous. In the evening she was arraigned before the district court on the charge of assault with a dangerous weapon and was released on bail. At the instant trial

defendant testified that she did not know plaintiff, did not assault her, and that on the afternoon in question the witness was in Providence shopping and paying bills.

The plaintiff's exhibit 1 was a long written complaint entitled "Complaint Report" and was made by the Johnston police in the ordinary and regular course of their business after receiving the complaint of the above-described assault. The plaintiff's exhibit 2, which was marked "Arrest Report," was typewritten, was made by the Johnston police in the same manner as was the complaint report, and related to the disposition of plaintiff's complaint against defendant. Both reports in substance were read to the jury. The plaintiff argues that the trial justice in relying on the provisions of general laws 1938, chapter 538, §1, ruled correctly in admitting the above exhibits in evidence and allowing certain questions to be asked concerning them.

On the other hand, defendant contends that they did not come within the provisions of that statute and that they contained hearsay, immaterial, and other objectionable matter not properly admissible. Assuming but without deciding that defendant's contention is correct and that the trial justice erred in permitting the two exhibits to be admitted in evidence, we are clearly of the opinion that in view of the peculiar facts and circumstances of the instant case appearing in evidence such error was harmless and not reversible.

The defendant's contention that she is entitled to an unconditional new trial and that the trial justice erred in refusing to grant her motion to that effect is without merit. On the issue of liability, defendant's defense was that she was not present and did not assault plaintiff. However, apart from the exhibits in question, the evidence in the case overwhelmingly tended to prove that she did commit such an assault. Her attempt to show that on the afternoon in question she was in Providence failed completely. It is our judgment that in the circumstances the exhibits

did not so prejudice the minds of the jury as to deprive defendant of a fair and impartial trial.

We are of the opinion that, considering the other evidence presented, the granting of a new trial on the issue of liability because these exhibits were admitted in evidence would be a miscarriage of justice. Even if it could be argued that the admission of the two exhibits affected the amount of damages awarded by the jury, the trial justice by ordering a remittitur, which was accepted by plaintiff, in his judgment corrected any excessive award. The defendant's exceptions 14 to 21 are overruled.

However, there is still before us under her twenty-fifth exception the question whether, in ordering plaintiff to file a remittitur of the verdict in excess of $1,500 or defendant would be granted a new trial, the trial justice reduced the verdict sufficiently. The defendant argues that it is still grossly excessive. The evidence shows that while plaintiff suffered pain from bruises on her left arm and shoulder and on her neck, back and right side, she received no broken bones nor permanent injury. She consulted her doctor twenty or twenty-one times between August 24 and October 26, 1951 and on these visits he usually gave her diathermy treatment. He also prescribed tablets to relieve her pain, to induce sleep and to lessen her nervousness. No bills for medicines or doctor's services were put in evidence. It seems clear, however, that such expenses were not large. The plaintiff also complained of headaches and dizziness at times. Obviously these complaints were subjective in nature.

The plaintiff was a housewife, she lost no pay, and introduced no evidence that she had to employ anyone to help her. Undoubtedly she is entitled to be compensated for her pain and suffering, for the effect of the assault on her nervous system, and in view of the nature of the unprovoked assault to be awarded punitive damages, which the trial justice charged the jury it could give her if it wished and

if it believed her testimony. The amount of the verdict indicates that the jury intended to give her substantial punitive damages. However, the jury does not have unlimited discretion in that respect and such an award must be within reason considering all the facts.

Upon consideration we are of the opinion that the verdict, although reduced to $1,500 by the trial justice, is still grossly excessive and that in view of all the evidence on this point the plaintiff would be fairly and amply compensated by receiving the sum of $1,000. The defendant's twenty-fifth exception is therefore sustained on the above ground.

The defendant's exceptions numbered 14 to 21 inclusive are overruled, and exception 25 is sustained on the ground that the damages are excessive to the extent above set forth. The case is remitted to the superior court for a new trial unless the plaintiff shall file on or before August 2, 1954 in the office of the clerk of the superior court a remittitur of all of the verdict in excess of $1,000. If such remittitur is filed, the superior court is directed to enter judgment on the verdict as reduced by the remittitur.

*Isidore Kirshenbaum, Anthony Vacca,* for plaintiff.

*William I. Matzner, Ernest L. Shein,* for defendant.