235 A.2d 881.
PETITION OF DONALD F. McDERMOTT.

DECEMBER 4, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. This petition for trial was brought to this court pursuant to G. L. 1956, §9-21-4, as amended, within one year after a default judgment was entered against the petitioner in an action at law in the superior court entitled Morris Edward Sherman v. Donald F. McDermott, Civil Action No. 179377. In compliance with the citation the superior court has certified the papers in the case to this court.

The petitioner avers that no trial has been held in the superior court; that a default judgment was rendered against him; that he has a meritorious defense to the action in the superior court; and that by reason of accident, mistake, or unforeseen cause, the default judgment entered against him should be vacated and the case reinstated for a hearing on its merits.[1]

The factual setting leading up to the present petition is uncontroverted and can be summarily stated. The petitioner is a member of the police department of the city of Providence. On June 21, 1964, while engaged in the performance of his duties, he arrested Morris Edward Sherman, hereinafter called the respondent, on a charge of disorderly conduct. On August 19, 1964, respondent was found guilty of this offense by the police court for the city of Providence which imposed a fine of $10 and costs. The respondent appealed this conviction to the superior court where the appeal still remains pending.

On September 15, 1964, respondent, through his father and next friend, issued a writ of summons against petitioner returnable to the superior court on October 2, 1964, wherein he sought $5,000 as damages for false arrest and assault and battery—all of which allegedly arose from the June 21 in-

---

[1] In his argument, petitioner contended that the amended form of §9-21-4, which includes the standard of excusable neglect as a basis for relief, should be applied in this case. We do not feel it necessary to consider this argument since the relief he requests can be accorded him under the former unamended statute.

cident. Immediately after he was served with this writ, petitioner contacted the Providence city solicitor who designated one of his assistants to undertake the defense of respondent's suit.

On October 5, 1964, petitioner's counsel went to the superior court, took a copy of the declaration and noted this action on the back of the original declaration. On the morning of October 13, 1964, petitioner's counsel, relying on the representations of the United States post office that all mail deposited in any mailbox in the downtown Providence area before 11 a.m. would be delivered to all downtown area addressees by 3 p.m. that same day, prepared a demurrer which was mailed to the superior court. The superior court house for Providence county and the city solicitor's office are both located in this designated area. The petitioner's counsel states that the mailing of the demurrer was prior to the 11 a.m. deadline.

The demurrer, which we have examined, bears the file mark of the superior court clerk indicating its arrival in that office on October 14, 1964. This is one day beyond the prescribed time for filing such a plea. On the same day, respondent's attorney filed an ex parte motion for a nil dicit judgment which subsequently was entered by a justice of the superior court on October 16, 1964. The amount of the judgment entered against petitioner was $50.

When counsel for petitioner became aware of the entry of judgment, he contacted respondent's counsel and both orally agreed to vacate the judgment. Subsequently, the two attorneys executed a written stipulation dated October 20 wherein it was agreed to vacate the October 16 default judgment. This agreement, which is a part of the record here, was entered in the papers of the case. It, too, bears the file mark of the superior court clerk. On October 24, 1964, respondent's attorney filed a motion to assign the case for hearing on petitioner's demurrer and notice of this mo-

tion was received by petitioner's counsel. The petitioner's counsel appeared in the superior court on the assigned date for the hearing. The respondent's attorney, however, failed to appear and the case was passed. The record shows that no further action was taken by either party for several months until the ensuing spring. Thereafter, in April 1965, respondent's attorney caused to be issued a writ of attachment in an action of debt on judgment by which he sought to garnish petitioner's salary to satisfy the amount awarded under the default judgment. Surprised at this unexpected turn of events, petitioner instituted the instant action.

In his brief and argument, respondent's attorney acceded to the correctness of the facts recited above and then baldly asserted that since the agreement to vacate the October 16 default judgment was never entered in the records by a justice of the superior court, it is of no legal or binding effect. He further contended that no relief should be accorded by this court since petitioner failed to comply with the requirements of §9-11-2. This section provides that unless a defendant files a demurrer or plea within ten days after the entry of a case, a default judgment shall issue against him.

We grant petitioner's request for a trial. It is settled law in this state that we have a wide discretion in determining whether a petitioner should be accorded relief from a default judgment under §9-21-4 and that petitions brought pursuant to this section are treated with liberality and leniency. *Petition of Wells,* 97 R. I. 178, 196 A.2d 721.

We have also declared that the intent behind the enactment of §9-21-4 was to permit this court to afford relief to a petitioner in situations where, through no fault peculiarly his own, he would otherwise be deprived of his day in court. *Ktorides* v. *Kazamias,* 75 R. I. 465, 67 A.2d 404. Applying the above law to the present case, we feel that petitioner should not be precluded from having a trial on the merits

of this case. We are disinclined to deny a petition for relief from a default judgment where, as in this case, petitioner or his counsel took some affirmative action reasonably calculated to answer a complaint and which, but for the intervention of some unexpected mitigating circumstances, would have sufficiently complied with the requirements so as to prevent entry of such a judgment. We believe that the failure of the post office in this action to deliver petitioner's demurrer within the time it represented it would arrive constituted the very type of mitigating circumstances which warrant the exercise of our discretion to grant relief from the default judgment.

Although the respondent further charges that the petitioner has failed to present a meritorious defense, we deem this contention to be so lacking in merit as to warrant no comment by us.

The certified papers in the case are ordered returned to the superior court with our decision endorsed thereon.

*William E. McCabe,* City Solicitor, *Vincent A. Ragosta,* Assistant City Solicitor, *Vincent J. Piccirilli,* Assistant City Solicitor, for petitioner.

*Aram K. Berberian,* for respondent.