329 A.2d 195.

MORRIS EDWARD SHERMAN *vs.* DONALD F. McDERMOTT.

DECEMBER 13, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

DORIS, J. This is a civil action for assault and battery and false imprisonment in which a justice of the Superior Court entered a default judgment against the defendant in the amount of $50. In an action brought by the defendant pursuant to G. L. 1956 (1969 Reenactment) §9-

21-4,[1] this court vacated the default judgment, and the case was remanded to the Superior Court for trial on the merits. *Petition of Donald F. McDermott,* 103 R. I. 182, 235 A.2d 881 (1967).

When the case was reached for trial in Superior Court, defendant again failed to answer, and on plaintiff's motion, was called and defaulted by order of the Superior Court. The plaintiff then moved for assessment of damages pursuant to §9-20-2, and the case was heard before a Superior Court justice sitting without a jury. The plaintiff's request for punitive damages was denied, and judgment for plaintiff was entered in the amount of $200 for compensatory damages. From this judgment, plaintiff now appeals.

At the hearing for assessment of damages, plaintiff testified that he was arrested by defendant, an officer in the Providence Police Department, that while being held by two other policemen, he was severely beaten by defendant about the legs and head with a club, and that he spent 8 hours in a cell at the Providence police station before being released on bail.

This testimony was uncontradicted, and, far from being rejected by the Superior Court justice, was cited as the basis for the judgment in favor of plaintiff. We may, therefore, accept this testimony as a substantially accurate recollection of the facts of the case. *Sweet* v. *Sweet,* 100 R. I. 231, 214 A.2d 191 (1965); *Jackowitz* v. *Deslauriers,* 91 R. I. 269, 162 A.2d 528 (1960).

Whether these facts are adequate to support an award of punitive damages is a question of law for the court to decide. *Kenyon* v. *Cameron,* 17 R. I. 122, 125, 20 A. 233, 234 (1890). Whether plaintiff is entitled to punitive dam-

---

[1]General Laws 1956 (1969 Reenactment) §9-21-4 has since been repealed by P. L. 1972, ch. 169, §7.

ages, once the court has determined the case to be a proper one for such an award, is left to the *discretion* of the trier of fact. *Kenyon* v. *Cameron, supra* at 125, 20 A. at 234.

The Superior Court justice held that the evidence submitted was insufficient to make out a proper case for punitive damages on which he might exercise his discretion. This court has held that punitive damages may be assessed " '* * * upon evidence of such willfulness, recklessness or wickedness, on the part of the party at fault, as amounted to criminality, which for the good of society and warning to the individual, ought to be punished.' " *Adams* v. *Lorraine Mfg. Co.,* 29 R. I. 333, 338, 71 A. 180, 182 (1908), quoting *Hagan* v. *Providence & Worcester R.R.,* 3 R. I. 88 (1854). Such "willfulness, recklessness or wickedness" has been held to be found in torts involving maliciousness, wantonness or willfulness. *Worthington* v. *Shewcov,* 89 R. I. 169, 152 A.2d 91 (1959); *Hargraves* v. *Ballou,* 47 R. I. 186, 131 A. 643 (1926).

It is clear that assault and battery and false imprisonment are such torts and will support an award of punitive damages. *Martin* v. *Estrella,* 107 R. I. 247, 266 A.2d 41 (1970); *Parrillo* v. *DeLibero,* 82 R. I. 207, 106 A.2d 732 (1954); *Wilmot* v. *Bartlett,* 37 R. I. 568, 94 A. 427 (1915); *Hickey* v. *Booth,* 29 R. I. 466, 72 A. 529 (1909); *Smith* v. *Macomber,* 28 R. I. 248, 66 A. 570 (1907). In the instant situation, where not only was there no evidence of any provocation for defendant's attack, but also plaintiff was held helpless while a severe beating was administered by one sworn to uphold the law, there is, in our opinion, sufficient evidence of maliciousness, wantonness and willfulness to support an award of punitive damages.

The Superior Court justice also held there was an insufficient showing of defendant's financial capacity for punitive damages to be added. In *Norel* v. *Grochowski,* 51 R. I. 376, 155 A. 357 (1931), this court held that the

financial ability of the defendant to respond is relevant to the issue of the amount of punitive damages to be awarded, and in that case used this factor to reduce the plaintiff's award by one-half. The case did not hold that proof of ability to pay the sum requested was a condition precedent to the court's holding that the case was a proper one for punitive damages, but only that on defendant's representation of an inability to pay, the court would reduce the award accordingly.

We hold, therefore, that the Superior Court justice erred in finding that there was insufficient evidence to warrant an exercise of his discretion as to whether punitive damages should have been awarded.

The appeal of the plaintiff is sustained, the judgment appealed from is reversed as to the issue of punitive damages, and the case is remitted to the Superior Court with direction to consider in its discretion plaintiff's request for punitive damages.

*Berberian & Tanenbaum, Aram K. Berberian,* for plaintiff.

*Louis A. Mascia,* City Solicitor, *Steven S. Saber,* Asst. City Solicitor, for defendant.