Stephen F. DIAS, et al.

v.

James E. VIEIRA, et al.

No. 88–460–A.

Supreme Court of Rhode Island.

April 13, 1990.

Louis M. Pulner, Providence, for plaintiffs.

Joseph H. Scott, Narragansett, for defendants.

## OPINION

**WEISBERGER, Justice.**

This case comes before us on an appeal by the plaintiffs from a judgment rendered in an action of slander of title wherein the trial justice awarded compensatory damages but withheld punitive damages. We affirm the judgment. The facts of the case insofar as pertinent to this appeal are as follows.

The trial justice found that defendants James E. Vieira and Dorothea A. Vieira had recorded a purchase-and-sale agreement for a parcel of real estate owned by plaintiffs, although defendants had not carried out their part of the contract. Among other things, the trial justice found that defendants had failed to attend scheduled real estate closings. The trial justice entered judgment for plaintiffs on their claim for breach of contract and awarded compensatory damages in the amount of $15,-467.99.

The trial justice further made the following findings on the claim for breach of contract:

"I am satisfied here the plaintiffs have carried their burden of proof on the question of the contract and of the breach thereof. They have satisfied me beyond any question, let alone only the fair preponderance of the evidence, and I'm satisfied by the overwhelming weight of the evidence that the Diases were ready, willing and able to carry out and perform the May 15th, 1986 agreement with the defendants. They have likewise satisfied me that the defendants here deliberately refused to complete and carry out their agreement."

On the subject of punitive damages the trial justice made the following comments:

"With regard to the plaintiffs' claim for punitive damages, that claim gives me great concern. There is no question in the court's mind that Mr. [Vieira] recorded the real estate agreements as part of a cunning and deceitful scheme on his part to beat down the Diases into selling their home at a reduced amount. That kind of conduct is despicable. Mr. [Vieira] well knew of the monetary needs and the emergency conditions existing in the Dias home. He attempted to take advantage of those situations, and as I have indicated before, such conduct is shameful, to say the very least. * * *

"In this case Mr. [Vieira's] conduct and scheming certainly fits within the definition of punitive damages as contained in the *Sherman* and *McDermott* case. However, I'm satisfied that in addition to being a liar, I think he's a pathetic individual, and I really think that he has an inherent weakness, that he's incapable of coping with. I should award punitive damages, but I'm satisfied that in this case I ought to not impose punitive dam-

ages, but instead leave the defendant with the position that he now finds himself in, and hopefully able to learn a lesson from what he has experienced here. I hope by now he knows that in the valley of fools it is folly to be wise. The plaintiffs here, as I've indicated before, have established in my mind a factual situation that perhaps in other circumstances would lead me to award punitive damages, but in the exercise of my discretion, I will not do so. Accordingly, their claim for punitive damages is denied."

In support of their appeal plaintiffs argue that since the trial justice found that they had established eligibility to claim punitive damages, pursuant to the principles set forth in *Sherman v. McDermott*, 114 R.I. 107, 329 A.2d 195 (1974), the trial justice committed error in withholding an award of punitive damages in the exercise of his discretion. The plaintiffs suggest that the trial justice's withholding of punitive damages constitutes an abuse of discretion.

In using the term "discretion," we do not deal with a word that has the same meaning in every context. In some instances the exercise of discretion is reviewable for abuse. In the case of evidentiary rulings, a discretionary determination by a trial justice is reviewable. *State v. Brennan*, 527 A.2d 654 (R.I.1987); *State v. Burke*, 522 A.2d 725 (R.I.1987); *State v. Champa*, 494 A.2d 102 (R.I.1985). In the area of imposition of sentence we have held that the exercise of discretion within the limits allowed by the Legislature will be subject to review by this court for abuse of discretion, but only on a very limited basis. *State v. Small*, 122 R.I. 634, 410 A.2d 1336 (1980); *State v. Vaccaro*, 121 R.I. 788, 403 A.2d 649 (1979); *State v. Crescenzo*, 114 R.I. 242, 332 A.2d 421 (1975); *State v. Fortes*, 114 R.I. 161, 330 A.2d 404 (1975).

There are other types of discretion that are completely unreviewable, such as the declaration of court recesses and the selection of time for beginning of court and adjournment; in these areas the trial jus-

tice's actions are simply not subject to appellate review. Another example of unreviewable discretion may be found when a defendant moves for judgment of acquittal at the close of the state's case. In the event that the trial justice denies the motion and the defendant decides to proceed with the presentation of evidence, the denial of the motion for judgment of acquittal is unreviewable. *State v. Henshaw*, 557 A.2d 1204 (R.I.1989); *State v. Grullon*, 117 R.I. 682, 371 A.2d 265 (1977).

■■■ In respect to punitive damages this court held nearly a century ago in *Kenyon v. Cameron*, 17 R.I. 122, 125, 20 A. 233, 234 (1890), that "[a]warding exemplary damages, in cases wherein they are allowable, is discretionary." The court further stated that "an instruction that informs the jurors that it is their duty to award them, or * * * that the plaintiff is *entitled* to them, is improper." *Id.* This holding is in accordance with the general rule that the awarding of exemplary damages is entirely within the discretion of the trier of fact and failure to award such damages is not reviewable. When punitive damages are awarded, the decision may be reviewed for excessiveness but not for inadequacy. Dobbs, *Torts and Compensation*, ch. 10 at 674 (West 1985). It is further stated in Prosser and Keeton, *The Law of Torts*, ch. 1, § 2 at 14 (5th ed. West 1984), that "punitive damages are a windfall to the plaintiff and not a matter of right." It is always within the discretion of the jury or trial judge to withhold them. In sum, the withholding of punitive damages is one of those determinations that is entirely discretionary with the trier of fact, whether it be judge or jury.

As a consequence we shall not reach the question of the correctness of the determination of the trial justice in the instant case to withhold punitive damages. This was a determination that he alone had the right to make after having found that the plaintiffs had established eligibility for such punitive damages. His withholding exemplary damages is not subject to our review.

Nothing herein should be construed as expressing either agreement or disagreement with the trial justice's decision on this issue.

For the reasons stated, the plaintiffs' appeal is denied and dismissed. The judgment of the Superior Court is hereby affirmed. The papers in the case may be remanded to the Superior Court.