958 F.2d 361
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Kenneth J. D'AMATO, Plaintiff, Appellant,
v.
RHODE ISLAND HOSPITAL TRUST NATIONAL BANK, Defendant, Appellee.
 No. 91-2041.
 United States Court of Appeals,
First Circuit.
 March 25, 1992
 
 Robert Corrente with whom Jeffrey S. Brenner and Corrente, Brill & Kusinitz were on brief for appellant.
 Barbara S. Cohen with whom Goldenberg & Muri was on brief for appellee
 Before Torruella, Circuit Judge, Campbell and Weis,* Senior Circuit Judges.
 Per Curiam.
 
 
 1
 This is an appeal from the judgment of the United States District Court for the District of Rhode Island dismissing appellant's complaint for lack of subject matter jurisdiction. After reading the briefs, listening to oral argument and reviewing the record, we affirm the district court for essentially the reasons stated in its Memorandum and Order of September 17, 1991. We add only the following comments.
 
 
 2
 Appellant contends that the district court erred in holding that appellant's "pleadings failed on their face to demonstrate any justification for an award of punitive damages." We do not need to decide this question because the district court correctly determined "to a legal certainty" that plaintiff was never entitled to recover punitive damages based on the proof offered at trial. See St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288 (1938) (a suit will be dismissed for want of jurisdiction "if from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover the amount.") (emphasis supplied); Lopez v. Arraras, 606 F.2d 347, 351 (1st Cir. 1979) (where "the record raises a serious question as to amount jurisdiction, there must be a finding by the district court"); Jimenez Puig v. Avis Rent-a-Car System, 574 F.2d 37, 39 (1st Cir. 1978); 1 James W. Moore et al, Moore's Federal Practice p 0.92 (2nd ed. 1992). ("In determining whether the amount in controversy requirement is satisfied, the court may look to the entire record, including oral testimony, depositions, affidavits, requests for admission and other evidence"). See also Kahal v. J. W. Wilson & Associates, Inc., 673 F.2d 547, 549 (D.C. Cir. 1982) ("in applying the legal certainty test where the availability of punitive damages is the sine qua non of federal jurisdiction, the District Court should scrutinize the punitive damage claim to ensure that it has at least a colorable basis in law and fact.").
 
 
 3
 Appellant also contends that the district court erred in holding that "it is not the court's duty to view the evidence in the light most favorable to the plaintiff." Whether or not this statement was strictly correct, even viewing the facts in the light most favorable to appellant, the "proofs" adduced at trial conclusively established that appellant was never entitled to recover punitive damages. When "allegations of jurisdictional facts are challenged," the party invoking jurisdiction-in this case appellant-has the burden of supporting his allegations "by competent proof." McNutt v. General Motors Corp., 298 U.S. 178, 189 (1936); see also 1 James W. Moore et al, Moore's Federal Practice p 0.92 (2nd ed. 1992).
 
 
 4
 In this case, to meet the requisite amount in controversy for diversity jurisdiction, appellant had to allege that he was entitled to punitive as well as actual damages. To prove punitive damages under Rhode Island law, appellant needed to produce evidence that the Rhode Island Hospital Trust National Bank acted with " 'such willfulness, recklessness or wickedness ... as amount[s] to criminality, which for the good of society and warning to the individual, ought to be punished.' " Allen v. Simmons, 533 A.2d 541, 543 (R.I. 1987) (citation omitted); see also Borden v. Paul Revere Life Ins. Co., 935 F.2d 370, 381 (1st Cir. 1991); Turks Head Realty Trust v. Shearson Lehman Hutton, Inc., 736 F. Supp. 422, 430 (D.R.I. 1990); Regan v. Cherry Corp., 706 F. Supp. 145, 152-53 (D.R.I. 1989); Izen v. Winoker, 589 A.2d 824, 829-30 (R.I. 1991); Greater Providence Deposit Corporation v. Jenison, 485 A.2d 1242, 1244 (R.I. 1984); Morin v. Aetna Casualty and Surety Co., 478 A.2d 964, 967 (R.I. 1984); Sherman v. McDermott, 114 R.I. 107, 109, 329 A.2d 195, 196 (1974). Merely reckless or negligent conduct alone is not sufficient to support a claim for punitive damages. See Turks Head Realty Trust Co., 736 F. Supp. at 430; Regan, 706.
 
 
 5
 Appellant alleged that the bank acted intentionally, maliciously and in breach of its obligation of good faith when one of its employees-Mr. Lightfoot-threatened appellant with an FBI investigation if appellant did not pay a check which he had signed. There was no evidence presented indicating that Mr. Lightfoot had acted in bad faith and with such "willfulness, recklessness or wickedness as amounts to criminality." The circumstances were all consistent with Lightfoot's having acted sincerely and the court was entitled to make reasonable inferences from the lack of evidence to the contrary. 1 James W. Moore et al., Moore's Federal Practice p 0.92 (2nd ed. 1992) (citing De Jesus v. Eastern Airlines, Inc., 708 F. Supp. 470 (D.P.R. 1989)). According to appellant's own testimony, Mr. Lightfoot had essentially said to him that he (appellant) "had wrote a fraudulent check and the FBI should or would investigate this, if I did not pay the entire sum back to the bank." Mr. Lightfoot testified that he believed that appellant had attempted to pass a fraudulent check and that he followed regular bank procedures in contacting appellant for collection. Appellant presented no evidence contesting the sincerity of Lightfoot's professed belief that appellant had written a fraudulent check, indicating that Lightfoot had acted in deliberate contravention of bank procedures or suggesting an ulterior motive. Indeed, appellant testified that he had never called anyone at the bank to complain about Mr. Lightfoot's alleged comments because "he assumed that he [Mr. Lightfoot] was doing what he felt appropriate." On this record, we find no error in the district court's conclusion "to a legal certainty" that appellant was not entitled to punitive damages. Lyons v. Salve Regina College, 565 F.2d 200, 203 (1st Cir. 1977), cert. denied, 435 U.S. 971 (1978) (the district court's findings of fact as to amount in controversy will not be disturbed unless held to be "plainly wrong").
 
 
 6
 Affirmed. Costs to appellee.
 
 
 
 *
 Of the Third Circuit, sitting by designation