DECISION
On July 3, 1996 and July 5, 1996, an evidentiary hearing was held before this Court regarding Brian R. Henderson's (defendant) motion to strike Susan R. Henderson's (plaintiff) claim for punitive damages.
Facts/Travel
The plaintiff is the ex-wife of the defendant. The parties were married in 1967 and had two children, Jill Henderson (daughter) and Brett Henderson (son), both of whom are now adults. The parties subsequently separated on October 28, 1989, and were officially divorced on May 15, 1991.
After the parties were separated in October 1989, the defendant began to send a steady stream of correspondences to the plaintiff at her sister Sarah Mancini's residence, where she was living at the time, and later to a home she shared with their daughter. These correspondences were addressed to the plaintiff, referring to her as "wacco" and "Sue T. Whore" on the envelope. (See Exhibits 14, 15, 16, 17, 18A, 19, 20, 21A, 22, 23A, 24A, 27, 28, 29, 30, 31, 32, 35, 36A, 37, 38). The defendant also wrote numerous letters and correspondences to the parties' daughter referring to the plaintiff as "wacco" and "the whore." (See Exhibits 1, 3, 4, 5, 6, 7, 8, 10, 11, 12, 13, 33). Additionally, the defendant sent copies of a letter to the plaintiff's father and her sister referring to the plaintiff as "Sue the whore," and copies of other letters to the plaintiff's father and stepmother claiming the plaintiff had mental problems. (See Exhibit 25). Moreover, the defendant initialized checks that were sent to the plaintiff, that allegedly had obscene connotations. (See Exhibits 18, 21, 23, 24, 36).
On September 22, 1992, the plaintiff filed suit against the defendant accusing him of defamation. On June 5, 1996, the plaintiff made a motion for an order permitting discovery on the issue of punitive damages. The defendant responded on June 20, 1996, by moving to strike the plaintiff's claim for punitive damages. An evidentiary hearing was held before this court on July 3, 1996 and July 5, 1996, on the motion to strike.
Standard of Law
The standard in Rhode Island for imposing punitive damages is rigorous and will be satisfied only in instances wherein a defendant's conduct required deterrence and punishment over and above that provided in an award of compensatory damages.Palmisano v. Toth, 624 A.2d 314, 318 (R.I. 1993) (citing Davetv. Maccarone, 973 F.2d 22, 27 (1st Cir. 1992)). In Palmisano, the Rhode Island Supreme Court held that the party seeking punitive damages has the burden of producing "`evidence of such willfulness, recklessness or wickedness, on the part of the party at fault, as amounts to criminality, which for the good of society and warning to the individual ought to be punished.'" Id. at 318 (quoting Sherman v. McDermott, 114 R.I. 107, 109,329 A.2d 195, 196 (1974)). The court further stated that a showing that the defendant acted with malice or in bad faith must be made for the Court to award punitive damages. Id. at 318. See also Morinv. Aetna Casualty and Surety Co., 478 A.2d 964, 967 (R.I. 1984).
Discussion
In Rhode Island, an action for defamation requires proof of "(a) a false and defamatory statement concerning another; (b) an unprivileged communication to a third party; (c) fault amounting at least to negligence on the part of the publisher; and (d) damages." Lyons v. R.I. Public Employees Council 94,516 A.2d 1339, 1342 (R.I. 1986). Restatement (Second) Torts § 558 (1977). "Any words, if false and malicious, imputing conduct which injuriously affects a man's reputation, or which tends to degrade him in society or bring him into public hatred and contempt are in their nature defamatory." Elias v. Youngken,493 A.2d 158, 161 (R.I. 1985).
On the evidence before it, this Court concludes that the plaintiff has made a prima facie showing that defendant's statements are defamatory. The plaintiff has shown that the defendant's numerous references to the plaintiff as being mentally unstable and a "whore" are false and defamatory statements. There is no competent evidence in the record that these statements are true. This Court is also of the opinion that the initials the defendant placed on checks made out to the defendant, would be found not only to be false and defamatory but possibly obscene. These statements and terms were published on envelopes, letters, checks and postcards that were communicated to third parties, including the parties' daughter and the plaintiff's sister who testified to this at the hearing. Additionally, the evidence indicates that there was fault amounting at least to negligence on the part of the defendant, and that the plaintiff suffered damages. The statements made about the plaintiff clearly impute the kind of conduct which injuriously affects a person's reputation.
The plaintiff argues that the weight of the testimonial evidence of the plaintiff, the parties' daughter and the plaintiff's sister, as well as the exhibits introduced, answers by the defendant to requests for admissions, and the portions of the deposition transcript read into the record, more than demonstrate facts sufficient to establish a prima facie showing of egregious conduct to warrant the imposition of punitive damages. This Court agrees.
This Court believes that a prima facie showing has been made that defendant's actions arose from spite or ill will, with willful and wanton disregard of the rights and interest of the plaintiff. See DeCarvalho v. DaSilva, 414 A.2d 806, 810 (R.I. 1980). This Court is also of the opinion that the competent evidence of record could support a finding that the defendant's statements were published with such malice and wickedness that they rise to the level of requiring punishment over and above that provided in an award of compensatory damages.
The defendant refers this Court to Johnson v. Johnson,654 A.2d 1212 (R.I. 1995), a Rhode Island case in which punitive damages were denied when an ex-husband called his ex-wife a "whore." However, in this Court's opinion, the Johnson case is entirely different from than the present matter. In Johnson, unlike here, the trial justice found that the ex-husband's statements were essentially truthful. However, even if this Court had determined that the defendant's statements in the present matter were truthful, this case is still distinguishable fromJohnson. In Johnson the trial justice decided a truthful statement issued with a supportable finding of spite or ill will under enormous provocation did not meet the rigorous standard for punitive damages. Id. at 1217. The defendant in this action, however, produced no competent evidence at the hearing that the defendant was provoked by the plaintiff. Furthermore, the defamatory statements in Johnson consisted of one incident, while here the defamatory statements occurred continuously over a period of almost three years, even after the plaintiff had initially brought this defamation suit.
This Court concludes that there are adequate facts to support an award of punitive damages in this case. This Court holds that the plaintiff established in the evidentiary hearing that a prima facie case for punitive damages exists. Accordingly, the defendant's motion to strike is denied, and the plaintiff may conduct discovery on the issue of punitive damages.
Counsel shall submit the appropriate order for entry.