214 A.2d 191.

FRANCES BRONSTEIN SWEET *vs.* MAURICE SWEET.

NOVEMBER 3, 1965.

PRESENT: Roberts, Paolino and Joslin, JJ.

PAOLINO, J. This case is before us on the petitioner's appeal from a decree of the family court denying and dismissing her petition for an absolute divorce on the ground of extreme cruelty. At the hearing below the petitioner presented evidence to support her petition. The respondent was represented by counsel but offered no contest.

The respondent's counsel was present at the hearing here, but he stated that in accordance with respondent's directions he had filed no adversary brief and was taking no part in the appellate proceedings. In the circumstances we do not have the benefit of adversary arguments. All we have before us is petitioner's brief and the record of the proceed-

ings in the family court. The following undisputed and uncontradicted evidence is before us.

The parties were married on October 20, 1963, their respective spouses having previously deceased. They were both over sixty years of age. The petitioner presented evidence as to her own good conduct as a married woman and also evidence that met the statutory requirement as to residence. She then testified as to respondent's conduct. She stated that he had a very violent temper; that he struck her a few times; that he threatened her even in the presence of her children; that as a result of such conduct she feared for her personal safety and her health was adversely affected; and that because of her run-down physical condition she required and received medical attention. It appears from the transcript that on July 16, 1964 respondent moved out of the marital premises.

Two daughters of petitioner testified as corroborating witnesses. Their testimony in substance supports their mother's previous testimony. The respondent's counsel did not cross-examine petitioner or her daughters.

At the conclusion of the hearing the trial justice made the following statement from the bench.

"* * * The causes for divorce in this State are regulated by Statute. It is necessary in order for parties to be divorced, that the petitioning parties provide the evidence that will allow this Court to decree a divorce. It is necessary that the moving party present such evidence to the Court.

"I have listened with interest to the testimony of the witnesses. The grounds alleged in the petition are grounds of extreme cruelty. I find that the petitioner has failed to prove the grounds as alleged in the petition, and I, therefore, deny and dismiss the petition."

Thereafter, as previously stated, a final decree denying and dismissing the petition was entered by the family court. Under her reasons of appeal petitioner contends that the

decree is against the law and the evidence and the weight thereof.

The substance of petitioner's appeal is that respondent's conduct, as evidenced by the unimpeached and uncontradicted testimony, constitutes, in law, extreme cruelty, as that ground has been defined by this court in the cases cited by her; that on this record the decision of the trial justice is clearly erroneous; and that therefore the decree based thereon is unlawful and should be reversed. In the posture of this case it is not necessary to discuss the cases cited by petitioner on the subject of what conduct constitutes extreme cruelty. The law on this issue is well settled in this state and requires no further elucidation at this time in view of the very narrow problem with which we are confronted in this appeal.

We repeat what we said in *Lannon* v. *Lannon,* 86 R. I. 451, 453: "* * * it is highly desirable that a trial justice, sitting as a court of domestic relations, make express findings of fact pertinent to his decision in granting or denying a petition for divorce." In that case, unlike the case at bar, the trial justice granted the petition. We noted at page 453 that "implicit in a decision there are such findings of fact as are necessary to support it." But when we examine the instant record we cannot determine whether the trial justice based his ultimate and dispositive finding on credibility and weight of the testimony, or whether he concluded that the evidence was not sufficient in law to prove the ground alleged.

In our opinion there is merit to petitioner's contention that the evidence presented by her, standing unimpeached and uncontradicted, either by extraneous evidence or otherwise, was controlling. The trial justice, without rejecting such evidence or giving any reason for disregarding it, denied the petition with a brief conclusory statement. In our opinion the evidence presented by the petitioner establishes in law extreme cruelty by the respondent and, having.

failed to reject the same, the trial justice was bound by such evidence and therefore erred in denying the petition. *Jackowitz* v. *Deslauriers*, 91 R. I. 269, 275, 276.

The petitioner's appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the family court with direction to enter a new decree granting the petition for divorce on the ground of extreme cruelty.

*Alvin N. Biener,* for petitioner.

*Isadore S. Horenstein,* for respondent.