388 A.2d 1170.

ANTONETTA FLYNN *v.* WILLIAM FLYNN.

JULY 28, 1978.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

DORIS, J. This case is before us on the petitioner's appeal

from a decision[1] of the Family Court denying and dismissing her petition for an absolute divorce on the ground of irreconcilable differences between the parties. The petition was unanswered by the respondent. The petitioner testified at the Family Court hearing. The respondent filed no brief in this court. All that is before us is the petitioner's brief and the record of the proceedings in the Family Court.

The record indicates that the parties were married on May 5, 1962, and that one child, Sheri Ann, eight years of age, was born of the marriage.

The petitioner testified that she was a resident of this state for four years prior to the filing of her petition. She stated that the parties had many arguments over the fact that respondent was unemployed and refused to seek work and that he had also threatened her on numerous occasions. She testified that at the time of the hearing the parties were living in the same home and that she was receiving unemployment benefits. The petitioner asserted that she would move out of the home if she had somewhere to go or money to go with. The petitioner further stated that although the parties were occupying the same home, they were not living together as man and wife. She said that the arguments between the parties and respondent's threats against her had caused an irremediable breakdown of the marriage and that there was no possibility of the marriage being successful.

The record indicates that when petitioner testified the parties were living in the same home, the trial justice stated that he was not going to hear the case;[2] and he announced that while the parties were living together, he would not find that there was an irremediable breakdown of the marriage. The trial justice further stated that if petitioner had enough

---

[1]The proper method of appeal from the Family Court is by appeal from a decree. In this case, no decree was ever filed. We will consequently treat the decision of the trial justice as though it were a decree.

[2]The trial justice however did hear the testimony of the petitioner.

relationship with respondent to remain in the same house that there was no irremediable breakdown of the marriage. Based on this testimony, the trial justice found that there was no irremediable breakdown of the marriage because the parties were living together in the same home. He thereupon denied and dismissed the petition.

The petitioner before us argues that the unimpeached and uncontradicted testimony constitutes in law irreconcilable differences which have caused an irremediable breakdown of the marriage; and that when the trial justice based his decision on the fact that the parties were living in the same home this constituted an error of law, and that on this record the decision of the trial justice is clearly erroneous.

In our opinion there is merit to petitioner's contention that the evidence presented by her standing unimpeached and uncontradicted either by extraneous evidence or otherwise was controlling. The trial justice, without either rejecting such evidence or giving any reason for disregarding said evidence, based his decision solely on the fact that the parties were living in the same home and that being so, petitioner had not sustained her burden of proving irreconcilable differences between the parties. In other words, he interpreted the statute to mean that in order to prove irreconcilable differences, it was necessary to show that the parties were no longer living together under the same roof at the time of the hearing on the petition. In this the trial justice was clearly in error. While the fact that the parties may be living in the same home may be an element to consider in determining whether irreconcilable differences exist which caused an irremediable breakdown of the marriage, it is not controlling but is to be considered along with other relevant evidence submitted.

Here, the testimony of petitioner was that because she was financially unable to live elsewhere the parties were living in the same home but not as man and wife. This testimony, together with the testimony that respondent was unemployed

and refused to seek employment, caused arguments between the parties, and also that respondent threatened petitioner standing uncontradicted is controlling. In our opinion, the evidence presented by petitioner establishes in law that irreconcilable differences had arisen between the parties which caused an irremediable breakdown of the marriage.

The trial justice having failed to reject or give any reason for disregarding such evidence was bound by the same and erred in denying the petition. *Sherman* v. *McDermott*, 114 R.I. 107, 329 A.2d 195 (1974); *Sweet* v. *Sweet*, 100 R.I. 231, 214 A.2d 191 (1965); *Jackowitz* v. *Deslauriers*, 91 R.I. 269, 162 A.2d 528 (1960).

The petitioner's appeal is sustained, the decision appealed from is reversed and the cause is remanded to the Family Court with direction to enter a decree granting the petition for absolute divorce on the ground of irreconcilable differences.

*John A. Mutter,* Legal Aid Society of Rhode Island, for petitioner.