**In the Matter of Robert Irving DOWD, Debtor.**

**Walter D. FONFARA, Plaintiff,**

**v.**

**Robert Irving DOWD, Defendant.**

Bankruptcy No. 2–88–01255.
Adv. P. No. 2–89–0067.

United States Bankruptcy Court,
D. Connecticut.

June 27, 1990.

W. Wilson Keithline, Hartford, Conn., for plaintiff.

David C. Pite, DiPietro, Kantrovitz & Brownstein, P.C., New Haven, Conn., for defendant.

## MEMORANDUM OF DECISION

ROBERT L. KRECHEVSKY, Chief Judge.

### I.

### ISSUE

Security Financial Corporation (SFC), owned and operated by the debtor, Robert Irving Dowd, contracted to render financial and investment advisory services for an annual fee of $3,000.00 to Dr. Walter D. Fonfara (Fonfara). In this proceeding,

Fonfara contends that a loan he made during the term of the contract to SFC at the importuning of the debtor not only makes the debtor liable for repayment of the loan, but also renders the liability nondischargeable.

## II.

## BACKGROUND

Fonfara, a practicing dentist, has accumulated a substantial estate and since 1985 has utilized SFC for financial planning and investment purposes. A close relationship developed between him and the debtor, and they usually spoke to one another weekly. On March 3, 1987, the debtor came to Fonfara's dental office and asked Fonfara to make an immediate loan of $30,000.00 to SFC. The debtor explained that SFC and its subsidiary corporations were going to expand through a private bond offering and needed money right away to hire the necessary personnel to accomplish this project. Fonfara promptly caused checks totaling $30,000.00 to be issued payable to SFC, and shortly thereafter, he received a promissory demand note for $30,000.00 payable with interest at 8½% interest per annum executed by the debtor as SFC's president. The debtor, on March 3, 1987, knew, but did not disclose to Fonfara, that SFC had been losing money, was insolvent, behind in its rent, and that the $30,000.00 loan would be used in large part to pay accumulated bills.

The proposed bond offering failed, and the debtor sent to Fonfara, among others, "An Open Letter To The Clients Of Security Financial Corporation" advising that due to the aborted bond offering, SFC's financial situation was "critical" but not yet "terminal." Fonfara made demand for payment of the note, and the debtor sent Fonfara a check dated July 1, 1988 for $33,750.00 drawn on the bank account of one of the SFC's subsidiary corporations. The bank did not honor the check because the account lacked sufficient funds. SFC apparently closed down shortly thereafter, and on November 30, 1988 the debtor filed a voluntary chapter 7 bankruptcy petition listing Fonfara as a creditor.

Fonfara contends that the debtor's liability to him is nondischargeable either under § 523(a)(2)(A) as a debt created through "false pretenses, a false representation, or actual fraud", or under § 523(a)(4) as a debt "for fraud or defalcation while" the debtor was "acting in a fiduciary capacity."

## III.

## DISCUSSION

It is settled law that exceptions to dischargeability of debts are construed narrowly in favor of the debtor, and, at least in the case of alleged fraud, the burden is on the creditor to prove all facts necessary to sustain exceptions by clear and convincing evidence. *Harper v. Richey (In re Richey)*, 103 B.R. 25, 29 (Bankr.D.Conn. 1989). The particular provisions of Code § 523(a) which set forth the statutory exceptions to discharge relevant to the present proceeding are as follows:

*§ 523. Exceptions to discharge.*
(a) A discharge under ... this title does not discharge an individual debtor from any debt—

. . . . .

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

. . . . .

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

11 U.S.C. § 523(a)(1988).

## A.

### *§ 523(a)(2)(A)*

Under § 523(a)(2)(A), a debt may be determined nondischargeable based on fraud where the creditor proves that "the debtor made a false representation with the purpose and intention of deceiving the creditor; the creditor relied on such representation; his reliance was reasonably founded; and the creditor sustained a loss as a result of the representation." *In re Tesmetges*, 86 B.R. 21, 24 (E.D.N.Y.) (citation omitted),

*aff'd*, 862 F.2d 304 (2d Cir.1988). Fonfara claims the debtor's actions at the March 3, 1987 meeting satisfy this test. The debtor argues that Fonfara has not met his burden of proof, and, in any event, the debtor cannot be personally liable for what was intended to be a corporate obligation.

Under the terms of the contract between Fonfara and SFC, the parties stipulated in Article V that SFC would not "be held liable in any way relating to the performance of the services hereunder, as long as those services are rendered by it in good faith." Article IV states "Advice given will be rendered based on economic/investment knowledge, relevant law and the Client's personal circumstances at the time the services above outlined are performed." I find by clear and convincing evidence that the debtor fraudulently misrepresented to Fonfara SFC's need to use the $30,000.00 loan to pay pressing bills, and he took advantage of Fonfara's reliance on the debtor's obligation to act in the best interest of Fonfara. No investment adviser would knowingly advise a client to loan $30,000.00 on an unsecured basis to a failing and insolvent company that had never made a profit and was about to embark on a speculative project in which it had no prior experience. Notwithstanding the debtor's hope that his companies would eventually succeed, his special relationship with Fonfara was such that he had a duty to make disclosures of the risks involved in the loan, failing which, he incurred an obligation that, upon complaint, the Bankruptcy Code will except from his discharge. *See Minority Equity Capital Corp. v. Weinstein (In re Weinstein)*, 31 B.R. 804, 809–10 (Bankr.E.D.N.Y.1983) ("It is well recognized that silence, or the concealment of a material fact, can be the basis of a false impression which creates a misrepresentation actionable under § 523(a)(2)(A)."); *cf. Peerless Mills, Inc. v. American Tel. and Tel. Co.*, 527 F.2d 445, 449 (2d Cir. 1975) (it is common law fraud for one party to a business transaction to fail to disclose to the other such additional matters known to him in order to prevent his partial statement of the facts from being misleading). It is also immaterial that the debtor's fraud involved a loan to a corporation in which he was a major stockholder rather than to himself personally. *Calgagno v. Ezell*, 112 B.R. 146 (E.D.La.1990); 3 King, *Collier on Bankruptcy* par. 523.08[1] (15th ed. 1989) (it is not necessary under § 523(a)(2)(A) that the property obtained by fraud actually be procured for the debtor himself).

In light of this holding, it is unnecessary to decide whether the federal or state statutory law under which financial or investment advisers are licensed make them and their employees fiduciaries within the meaning of Code § 523(a)(4). *Compare Connecticut v. Schusterman (In re Schusterman)*, 108 B.R. 893 (Bankr.D.Conn.1989) *with Griffiths v. Peterson (In re Peterson)*, 96 B.R. 314 (Bankr.D.Colo.1988).

## IV.

### CONCLUSION

Judgment shall enter that Robert Irving Dowd is liable to Walter D. Fonfara in the sum of $30,000.00 plus interest arising from the loan made by Walter D. Fonfara on March 3, 1987, and that said debt is hereby determined to be nondischargeable.