**In re Marilynn REYNOLDS–MARSHALL, Debtor.**

**Kenneth R. HALLUM, Plaintiff**

**v.**

**Marilynn REYNOLDS–MARSHALL, Defendant.**

Bankruptcy No. 91–10955.
Adv. No. 92–1016.

United States Bankruptcy Court, D. Maine.

Sept. 15, 1992.

Marilynn Reynolds–Marshall, pro se.

Jed Davis, Augusta, Me., for plaintiff.

P.J. Perrino, Augusta, Me., trustee.

## MEMORANDUM OF DECISION

JAMES B. HAINES, Jr., Bankruptcy Judge.

On August 5, 1992, this court granted partial summary judgment for the plaintiff, Kenneth R. Hallum ("Hallum"), concluding that compensatory obligations owed to him by the Chapter 7 debtor, Marilynn Reynolds–Marshall ("Reynolds–Marshall") are excepted from discharge under § 523(a)(6) of the Bankruptcy Code.[1]

Summary disposition was appropriate because a final state court judgment awarded Hallum damages for injuries to his property suffered as a consequence of the debtor's "willful and malicious" actions.[2] Collateral estoppel operated to establish nondischargeability under § 523(a)(6) as a matter of law.[3]

The August 5 decision invited the parties to brief the question whether the $75,000.00 in punitive damages awarded by the state court were dischargeable under any nondischargeability theory set forth in Hallum's complaint.[4] For the reasons set forth below, I conclude that punitive damages awarded on account of a debtor's willful and malicious injury to another entity or to the property of another entity are excepted from discharge under § 523(a)(6).[5]

---

1. Unless otherwise noted, citations to section numbers throughout this memorandum are to the Bankruptcy Reform Act of 1987 ("Bankruptcy Code"), as amended, 11 U.S.C. § 101 *et seq.* (1992).

2. The state court expressly found by clear and convincing evidence that the debtor injured Hallum's property interests willfully and maliciously. The matter was fully litigated at trial and in the appellate court. Memorandum of Decision dated August 5, 1992, Court Document No. 21.

3. *Id. See Grogan v. Garner,* 498 U.S. 279, ——, 111 S.Ct. 654, 658, 112 L.Ed.2d 755 (1991); *In re Brawn,* 138 B.R. 327, 329–30 (Bankr.D.Me. 1992); *In re Picard,* 133 B.R. 1, 2 (Bankr.D.Me. 1991).

4. Hallum's complaint sought to establish nondischargeability under §§ 523(a)(2)(A) and 523(a)(4), as well as under § 523(a)(6).

5. Because summary judgment was entered in Hallum's favor under § 523(a)(6) and because the punitive damages award is nondischargeable under the same Code provision, it is unnecessary to address the issue whether punitive damages are excepted from discharge under § 523(a)(2) or § 523(a)(4).

Section 523(a)(6) provides that a discharge entered under Code §§ 727, 1141, 1228(a), 1228(b) or 1328(b) does not discharge and individual debtor from "any debt ... for willful or malicious injury by the debtor to another entity or to the property of another entity...."

**2**

## DISCUSSION

Although dischargeability of punitive damage awards under § 523 remains an open question in this circuit and this district, substantial authority can be found elsewhere. The overwhelming majority of courts hold that § 523(a)(6) is the pertinent provision for considering dischargeability of a punitive damage award,[6] and that § 523(a)(6)'s discharge exception encompasses punitive damages. *See Placer U.S., Inc. v. Dahlstrom (In re Dahlstrom),* 129 B.R. 240, 244–45 (Bankr.D.Utah 1991) (extensively collecting authorities).

Marshall cites *Sullair Rocky Mountain, Inc. v. Van Loan (In re Van Loan),* 114 B.R. 760 (Bankr.M.D.Fla.1990), for the proposition that punitive damages do not fall within the scope of § 523(a)(6). *Van Loan* held that punitive damages "do not represent a debt for willful and malicious injury." 114 B.R. at 763. At best, however, that case represents a minority view based on an improperly restrictive reading of the pertinent statutory provisions.

Under the Code, as under the Bankruptcy Act, both compensatory and punitive damages are liabilities for willful or malicious injuries:

> The statutory exception which measures nondischargeability is "... for liabilities ... for willful or malicious injuries to the person or property of another...." The exception is measured by the nature of the act, *i.e.,* whether it was one which caused willful and malicious injuries. *All liabilities resulting therefrom are nondischargeable.* One liability is limited to actual compensation.... But for this type of conduct, yet another liability may be incurred if the jury under proper instructions sees fit to award it. That is for punitive damages. Both

types of liability are within the statute as "liabilities" for "willful or malicious injuries to the person or property of another."

*Moraes v. Adams (In re Adams),* 761 F.2d 1422, 1427–28 (9th Cir.1985) *quoting Coen v. Zick,* 458 F.2d 326, 329–30 (9th Cir.1972) (emphasis in *Adams*).[7] *See also, Hoskins v. Yanks (In re Yanks),* 931 F.2d 42, 43 (11th Cir.1991).

Marshall urges this court to follow *Gnidovec v. Alwan (In re Alwan Bros.),* 105 B.R. 886 (Bankr.C.D.Cal.1989), which holds for dischargeability of punitive damage awards under § 523. *Alwan,* however, rests its holding on principles of collateral estoppel and on the differing standards of proof for fraud in the state and federal systems. That issue was laid to rest by the Supreme Court last year. *Grogan v. Garner,* 498 U.S. 279, ——, 111 S.Ct. 654, 659, 112 L.Ed.2d 755. *Alwan* also postulates that failure to discharge punitive damage awards frustrates the debtor's fresh start. This court disagrees, adopting the majority viewpoint: Punitive damages susceptible to nondischargeability under § 523(a)(6) arise from willful and malicious conduct. Therefore, their surviving the discharge presents no impediment to the fresh start of "the 'honest but unfortunate debtor.'" *Britton v. Price (In re Britton),* 950 F.2d 602, 606 (9th Cir.1991), quoting *Grogan v. Garner,* 498 U.S. 279, ——, 111 S.Ct. 654, 659, 112 L.Ed.2d 755. *See also, Johnson v. Miera (In re Miera),* 926 F.2d 741, 745 (8th Cir. 1991).

## CONCLUSION

Reynolds–Marshall gains no meaningful shelter from her punitive damage obligation under the Bankruptcy Code. Her debt for punitive damages is nondischarge-

---

**6.** *Grogan v. Garner,* 498 U.S. 279, —— n. 2, 111 S.Ct. 654, 657 n. 2, 112 L.Ed.2d 755 expresses the Supreme Court's view that dischargeability of punitive damages is properly considered under § 523(a)(6).

**7.** *Coen* discusses § 17(a)(8) of the Bankruptcy Act (11 U.S.C. § 35(a)(3) (1973)) which excepts "... liabilities ... for willful and malicious injuries to the person or property of another...."

*Adams* concerns that section's successor, § 523(a)(6) of the Code, which excepts "... any debt ... for willful and malicious injury...." The difference between a "liability" and a "debt" is purely semantic: "'Debt', which is defined under the Code as 'liability on a claim,' 11 U.S.C. 101(12) (1991), has a meaning coextensive with 'claim' as defined in § 101(5)." *Johnson v. Home State Bank,* —— U.S. ——, —— n. 5, 111 S.Ct. 2150, 2154 n. 5, 115 L.Ed.2d 66 (1991).

able under § 523(a)(6). Judgment will be entered for Hallum excepting the punitive damage award from discharge.