In re James Bruce CORNELL, Debtor.

Stacey C. SPARTZ, Plaintiff,

v.

James Bruce CORNELL, Defendant.

Bankruptcy No. 2–94–00079.
Adv. No. 2–94–2180.

United States Bankruptcy Court,
D. Connecticut.

Feb. 7, 1995.

Raymond L. Baribeault, Jr., Suisman, Shapiro, Wool, Brennan & Gray, P.C., New London, CT, for plaintiff.

Carolyn O. Brotherton, Mariani, Brotherton & LeClair, New London, CT, for debtor-defendant.

## MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

ROBERT L. KRECHEVSKY, Chief Judge.

### I.

### ISSUE

The plaintiff contends in her motion for summary judgment that a judgment she received in state court is non-dischargeable under § 523(a)(2)(A) as a debt arising from the debtor-defendant's fraud and that the state-court judgment should be given collateral estoppel effect in the bankruptcy court. The debtor responds that since the judgment was entered by the state court at a hearing in damages following a default based upon the debtor's failure to appear, the doctrine of collateral estoppel is inapplicable and the plaintiff's motion should be denied. The following background is undisputed.

## II.

### BACKGROUND

Stacey C. Spartz, the plaintiff, filed a complaint on or about March 25, 1993 in the Connecticut Superior Court alleging that James Bruce Cornell, the debtor, had committed fraud in making misrepresentations to induce the plaintiff to purchase the debtor's restaurant-type business. The plaintiff made abode service of the complaint upon the debtor. A short time thereafter, the debtor telephoned one of the plaintiff's attorneys stating he wished to discuss the lawsuit. The debtor, during that conversation, denied the allegations of the complaint, but stated he did not intend to retain an attorney and would not be filing a pro se appearance in the action. The Superior Court subsequently entered a default against the debtor for failure to appear.

Because of the fraud allegations in the complaint and the unliquidated nature of the claim, the Superior Court, on July 29, 1993, held a hearing in damages at which the plaintiff submitted affidavits, and she and two other witnesses testified as to the circumstances of the purchase, the details of the asserted misrepresentations, and the basis for determining damages. The court, at the conclusion of the hearing, made "a finding of fraud in the inducement of the sale of this contract [sic] based upon the testimony. The Court believes that the fraud was perpetrated by the defendant, James B. Cornell." Superior Court transcript at 19. The court awarded the plaintiff damages of $43,000, attorney's fees of $2,500 and costs of $233.

The debtor filed a Chapter 7 petition on January 10, 1994. The plaintiff, on March 23, 1994, filed her complaint to determine dischargeability and, after counsel appeared for the debtor, filed her motion contending she is entitled to summary judgment under the doctrine of collateral estoppel.

## III.

### DISCUSSION

#### A.

A controversy presently exists among bankruptcy courts over whether the doctrine of collateral estoppel generally bars the relitigation in nondischargeability proceedings of issues which were the subject of a prior state-court default judgment. The Supreme Court, in *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), had raised, but did not conclusively answer, the question of whether collateral estoppel applied in bankruptcy cases. In *Grogan v. Garner*, 498 U.S. 279, 285 n. 11, 111 S.Ct. 654, 658 n. 11, 112 L.Ed.2d 755, 763 n. 11 (1991), the Court stated: "We now clarify that collateral estoppel principles do indeed apply in discharge exception proceedings pursuant to § 523(a)."

The controversy centers over whether the Supreme Court intended in *Grogan* to extend collateral estoppel effect to default judgments. Prior to *Grogan*, the conventional view had been that default state-court judgments generally were not entitled to collateral estoppel effect in dischargeability proceedings. *See, e.g., In re McMillan*, 579 F.2d 289, 292 (3d Cir.1978) ("[W]e conclude that, because the bankrupts did not 'actually litigate' the [state-court] case, not even facts which were necessary to that judgment can collaterally estop them from relitigating the same issues in the bankruptcy case. This holding is consistent both with general rules of collateral estoppel and with the federal policies in bankruptcy cases."); *Spilman v. Harley*, 656 F.2d 224, 228 (6th Cir.1981) ("If the important issues were not actually litigated in the prior proceeding, as is the case with a default judgment, then collateral estoppel does not bar relitigation in the bankruptcy court."); *In re Raynor*, 922 F.2d 1146, 1150 (4th Cir.1991) (creditor cannot invoke default judgment to bar debtor's discharge of debt by relying on issue preclusion).

A number of bankruptcy courts, including the Bankruptcy Appellate Panel of the Ninth Circuit, have recently concluded that state-law, not federal-law, doctrine controls the application of collateral estoppel. *See, e.g., Nourbakhsh v. Gayden (In re Nourbakhsh)*, 162 B.R. 841, 844 (9th Cir. BAP 1994) (debtor collaterally estopped from relitigating issue of fraud where state court "would hold that the entry of a default judgment is tantamount to a dispute that has been 'actually litigated' "); *Harris v. Byard (In re Byard)*,

47 B.R. 700, 708 (Bankr.M.D.Tenn.1985) ("where a state court would give issue preclusive effect to a default judgment, [full faith and credit statute] requires the bankruptcy court to give that same effect" in dischargeability proceeding); *Bend v. Eadie (In re Eadie),* 51 B.R. 890, 894 (Bankr.E.D.Mich. 1985) (same); *Johnson v. Keene (In re Keene),* 135 B.R. 162, 169 (Bankr.S.D.Fla. 1991) (same); *Crain v. Limbaugh (In re Limbaugh),* 155 B.R. 952, 956 (Bankr. N.D.Tex.1993) (same); *cf. Cardenas v. Stowell (In re Stowell),* 113 B.R. 322, 332 (Bankr.W.D.Tex.1990) (if state law does not give preclusive effect to default judgment, neither will bankruptcy court in dischargeability proceeding); *National Union v. Boyovich (In re Boyovich),* 126 B.R. 348, 351 (Bankr.W.D.Wash.1991) (same).

This rationale flows from a strict application of 28 U.S.C. § 1738 which provides that state judicial proceedings "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken." *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 380, 105 S.Ct. 1327, 1331, 84 L.Ed.2d 274 (1985), ruled that federal courts must refer "to the preclusion law of the State in which the judgment was rendered" even if the subsequent proceeding is one within the exclusive jurisdiction of the federal court.

■ After due consideration of these two lines of authority, and in the absence of controlling precedent in the Second Circuit,[1] I conclude that the latter line of authority is more faithful to present Supreme Court doctrine as exemplified by *Marrese.* The bankruptcy court, accordingly, first examines state law to see under what circumstances relitigation is barred after a default judgment. If it is barred, *Marrese* then requires that the court determine if the concerns underlying the Bankruptcy Code mandate an exception to § 1738 warranting disregard of

the state-court judgment. *Marrese,* 470 U.S. at 386, 105 S.Ct. at 1334, 84 L.Ed.2d at 285.

### B.

■ The Connecticut Supreme Court, in *Jackson v. R.G. Whipple,* 225 Conn. 705, 627 A.2d 374 (1993), recently undertook a detailed examination of collateral estoppel:

Collateral estoppel, or issue preclusion, is that aspect of res judicata which prohibits the relitigation of an issue when that issue was *actually litigated* and *necessarily determined* in a prior action between the same parties upon a different claim. For an issue to be subject to collateral estoppel, it must have been *fully and fairly litigated in the first action.* It also must have been actually decided and the decision must have been necessary to the judgment.

An issue is *actually litigated* if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined. An issue is *necessarily determined* if, in the absence of a determination of the issue, the judgment could not have been validly rendered. . . .

. . . .

Whether a prior default judgment has issue preclusive effect in a subsequent action involving a different cause of action has not been settled by this court. The Restatement adopts the position that presence of the parties is a necessary condition for a matter to be actually litigated for the purpose of issue preclusion. . . .

The Restatement's position that a default judgment is incapable of generating issue preclusion is, however, at odds with many courts that have held that default judgments are conclusive of the issues determined by such a judgment. . . .

The Restatement's requirement that an issue be actually litigated embodies the important concern that the parties be cognizant of and interested in an issue before

---

**1.** *Cf. Kelleran v. Andrijevic,* 825 F.2d 692, 694 (2d Cir.1987) (In disallowing a creditor's claim, the bankruptcy court erred by failing to give preclusive effect to a prior state-court default judgment. "Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so. Bankruptcy courts fall within Congress' mandate.") (citations and internal quotation marks excluded).

they are precluded from litigating it. Adherence to this requirement, however, should not demand that in all circumstances a default judgment should mechanically be deprived of any issue preclusive effect....

Although not every default judgment should have the same issue preclusive effect as an actual adjudication between the present parties, ... we envision some circumstance where it would be appropriate to give issue preclusive effect to a default judgment.... [T]he appropriate inquiry with respect to both [issue and claim] preclusion is whether the party had an *adequate opportunity* to litigate the matter in the earlier proceeding.... [H]ad there been a full and fair opportunity to litigate issues and such issues were necessary to a default judgment, that judgment should put to rest subsequent litigation of all issues necessary for the rendering of the default judgment.

*Id.* at 714–18, 627 A.2d at 378–80 (citations and internal quotation marks omitted).

■ Applying this statement of Connecticut collateral estoppel law to the proceeding at bar, it appears that the issue of fraud was "actually litigated" in the state-court proceedings, notwithstanding the default judgment. The plaintiff properly raised the issue of fraud and submitted it for determination. The issue after hearing was, in fact, determined, and was necessary to the judgment. Although the debtor did not appear in the state proceeding, he was aware of the proceeding, and not precluded by distance, accident or mistake from appearing. He was afforded an adequate opportunity to litigate, and chose not to. Thus, I conclude that under Connecticut preclusion law the debtor would be collaterally estopped from relitigating the issue of fraud in a subsequent action in a state court.

■ Having completed the first step in the *Marrese* analysis, this court must now determine consider whether an exception to § 1738 applies. The primary consideration in this inquiry must be congressional intent. *Marrese,* 470 U.S. at 386, 105 S.Ct. 1327, 84 L.Ed.2d at 285. Because "repeals [of § 1738] by implication are disfavored," *Mi-gra v. Warren City School Dist. Bd. of Ed.,* 465 U.S. 75, 82, 104 S.Ct. 892, 897, 79 L.Ed.2d 56, 63 (1984), "Congress must clearly manifest its intent to depart from § 1738" before an exception will be found. *Kremer v. Chemical Constr. Corp.,* 456 U.S. 461, 477, 102 S.Ct. 1883, 1895, 72 L.Ed.2d 262, 277 (1982).

■ Under the circumstances of this proceeding, I conclude that no exception should apply to § 1738. The explication in *Whipple* of the conditions when collateral estoppel will apply after a default judgment leaves ample play for a bankruptcy court to deny issue preclusion if the circumstances equitably so demand. In such instance, "[t]here is no compelling statement of federal bankruptcy law which expressly or impliedly excepts to the normal operation of § 1738 where the state court judgment for which issue preclusive effect is sought is a default judgment." *Byard,* 47 B.R. at 707; *accord Nourbakhsh,* 162 B.R. at 846. *Contra Montgomery v. Kurtz (In re Kurtz),* 170 B.R. 596, 599 (Bankr.E.D.Mich.1994) ("[T]here is a judicially created exception to § 1738 for dischargeability actions."); *Tulin v. Recck (In re Recck),* 167 B.R. 93, 96–97 (Bankr.N.D.Ohio 1994) ("[T]he Bankruptcy Code contains an implied exception to the full faith and credit statute with regard to dischargeability proceedings over which [the bankruptcy] court has exclusive jurisdiction.").

## IV.

### CONCLUSION

■ A motion for summary judgment may be granted if there is no genuine issue of material fact to be tried, and the facts as to which there is no such issue warrant judgment for the moving party. *See* Fed. R.Civ.P. 56(c), *incorporated by* Fed. R.Bankr.P. 7056. The debtor acknowledges that if "collateral estoppel is raised and may be dispositive of a claim, summary judgment is the appropriate method for resolving a claim of ... issue preclusion (collateral estoppel)." Debtor's Memorandum of Law In Opposition to Plaintiff's Motion for Summary Judgment at 6. For the reasons stated in Part III of this memorandum, the plaintiff's

motion for summary judgment is granted and judgment will enter that the debt due from the debtor-defendant to the plaintiff is nondischargeable.

### JUDGMENT

This action came on for hearing before the court, Honorable Robert L. Krechevsky, Chief Bankruptcy Judge, presiding, and the plaintiff's motion for summary judgment having been granted, it is

ORDERED AND ADJUDGED that the debt of the debtor to the plaintiff, evidenced by a state-court judgment dated July 29, 1993, hereby is determined to be nondischargeable.