**In re David Sampson KEACH, d/b/a Keach Properties, f/k/a Keach Construction, a/k/a David Keach, and Erin Kathleen Keach, Debtors.**

**Claire L. KUZNIAR, Plaintiff,**

v.

**David S. KEACH, Defendant.**

**Bankruptcy No. 95–12543.
Adv. No. 96–1002.**

United States Bankruptcy Court,
D. Rhode Island.

Nov. 19, 1996.

---

James E. Kelleher, Revens, Lanni, Revens & St. Pierre, Warwick, RI, for Plaintiff.

Peter G. Berman, Raskin & Berman, Providence, RI, for Debtors/Defendant.

Matthew McGowan, Chapter 7 Trustee, Salter, McGowan & Swartz, Inc., Providence, RI.

### DECISION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on October 9, 1996, on the Plaintiff's Motion for Summary Judgment, and the Defendant's Objection. The Plaintiff contends that collateral estoppel, based upon a prior state court trial and final judgment, precludes further litigation of the issues raised in the instant Complaint, and that the Plaintiff is entitled to summary judgment on the issue of dischargeability, under 11 U.S.C. § 523(a)(2)(A).[1] The Defendant argues: (1)

---

1. At oral argument, the Plaintiff withdrew the part of her Complaint alleging that the debt be

that a state court decision cannot be binding on this Court on the issue of dischargeability of a debt under § 523; and (2) that we follow those cases which hold that punitive damages may be discharged. As to all issues, we agree with the Plaintiff and rule that the doctrine of collateral estoppel applies, that the debt is nondischargeable under 11 U.S.C. § 523(a)(2)(A), and that the award of punitive damages is likewise nondischargeable under § 523(a)(6).

## BACKGROUND

On March 31, 1989, Clair Kuzniar contracted with David Keach to remodel her summer cottage into a year round house, and paid him in excess of $70,000 on the project. When construction design and defects became apparent, Kuzniar insisted on the necessary corrections, and Keach responded by walking off the job. On August 1, 1990, Ms. Kuzniar commenced an action in the Kent County Superior Court, and after an eight day trial in September 1995, the jury returned a verdict in her favor, awarding compensatory damages in the amount of $76,000, statutory interest, and punitive damages of $30,000. The jury was instructed by the trial judge that if Keach misrepresented his level of expertise, and if he effectuated a "bait and switch" with respect to the written contract, they were required to find the Defendant liable for deceptive trade practices. (See Plaintiff's Memorandum in Support of Summary Judgment, at 8). The jury found that, in addition to breaching the contract and the warranties thereunder, Keach did engage in unfair and deceptive trade practices.

On October 13, 1995, Mr. Keach filed a Chapter 7 bankruptcy petition, and on November 7, 1995, he appealed the jury verdict to the Rhode Island Supreme Court. On August 8, 1996, the Supreme Court dismissed the appeal, for failure to prosecute.

## DISCUSSION

### The Compensatory Damage Award

 It is clear that "collateral estoppel principles do indeed apply in discharge ex-

ception proceedings pursuant to § 523(a)." *Grogan v. Garner,* 498 U.S. 279, 284, n. 11, 111 S.Ct. 654, 658 n. 11, 112 L.Ed.2d 755 (1991).

The principle of collateral estoppel, or issue preclusion, bars relitigation of any factual or legal issue that was actually decided in previous litigation "between the parties, whether on the same or a different claim." ... When there is an identity of the parties in subsequent actions, a party must establish four essential elements for a successful application of issue preclusion to the later action: 1. the issue sought to be precluded must be the same as that involved in the prior action; 2. the issue must have been actually litigated; 3. the issue must have been determined by a valid and binding final judgment; and 4. the determination of the issue must have been essential to the judgment.

*Grella v. Salem Five Cent Sav. Bank,* 42 F.3d 26, 30 (1st Cir.1994). Section 523(a)(2)(A) exempts from discharge a debt "for money, property, services, or an extension, renewal, or refinancing of credit to the extent obtained by ... false pretenses, a false representation, or actual fraud...." In determining the preclusive effect of a state court judgment, federal courts must, as a matter of full faith and credit, apply the forum state's law of collateral estoppel. *In re McNallen,* 62 F.3d 619 (4th Cir.1995).

In *Four Queens Enter., Inc. v. Forbes (In re Forbes),* 191 B.R. 510 (Bankr.D.R.I.1996), we discussed the elements necessary to render a claim nondischargeable under 11 U.S.C. § 523(a)(2)(A):

[T]he creditor must prove that: "(1) the debtor obtained property [or services] by means of a knowingly false representation or one made in reckless disregard of its truthfulness; (2) the debtor intended to deceive the creditor; (3) the creditor actually relied on the misrepresentation...."

*See Commerce Bank & Trust Co. v. Burgess (In re Burgess),* 955 F.2d 134, 140 (1st Cir.1992). *See also McCallion v. Lane (In*

---

declared nondischargeable under 11 U.S.C. § 523(a)(2)(B). The State Court judgment also includes an award of punitive damages which the Plaintiff contends is nondischargeable under 11 U.S.C. § 523(a)(6), but the instant complaint

does not include such a claim. We will treat the Plaintiff's argument as a motion to amend the complaint to include a claim for punitive damages under 11 U.S.C. § 523(a)(6), and GRANT the same. *See* Fed.R.Civ.P. 15(a).

re Lane), 937 F.2d 694 (1st Cir.1991), aff'd, 50 F.3d 1 (1st Cir.1995); *Springfield Inst. for Sav. v. Parker (In re Parker)*, 59 B.R. 721 (Bankr.D.Mass.1986); *Federal Deposit Ins. Corp. v. Bombard (In re Bombard)*, 59 B.R. 952 (Bankr.D.Mass.1986).

Very recently, the United States Supreme Court in the case of *Field v. Mans*, —— U.S. ——, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995), discussed reliance as follows: "§ 523(a)(2)(A) requires *justifiable*, but not *reasonable*, reliance." (Emphasis added.) *Id.* at ——, 116 S.Ct. at 446. And, while the reasonableness of the reliance is not irrelevant, "the greater the distance between the reliance claimed and the limits of the reasonable, the greater the doubt about the reliance in fact." *Id.* at ——, 116 S.Ct. at 446. ... The *Field* decision lessens the Plaintiff's burden from what it was previously. Additionally, the required elements need only be established by a preponderance of the evidence—not the prior clear and convincing standard. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); *Citibank, N.A. v. Williams (In re Williams)*, 159 B.R. 648, 660 (Bankr.D.R.I.1993), *remanded on other grounds*, 190 B.R. 728 (D.R.I.1996).

*Forbes*, 191 B.R. at 516–517.

■■■ In the instant dispute, the Superior Court jury found that the Debtor engaged in unfair and deceptive trade practices, and awarded punitive damages. In Rhode Island, punitive damages "are awarded not to compensate for injury or loss, but to punish the offender and to deter future misconduct. *Greater Providence Deposit Corp. v. Jenison*, 485 A.2d 1242, 1244 (R.I.1984) (citing *Abbey Medical/Abbey Rents, Inc. v. Mignacca*, 471 A.2d 189, 195 (R.I.1984); *see also City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981)." *Geremia v. North Atlantic Fishing, Inc. (In re Reposa)*, 171 B.R. 722, 725 (Bankr.D.R.I. 1994). Punitive damages may be awarded only when the party seeking them produces "evidence of such wilfulness, recklessness or wickedness on the part of the party at fault,

as amount[s] to criminality, which for the good of society and warning of the individual, ought to be punished." *Morin v. Aetna Cas. & Sur. Co.*, 478 A.2d 964, 967 (R.I.1984) (quoting *Sherman v. McDermott*, 329 A.2d 195, 196 (R.I.1974)). The Keach jury found that his conduct was fraudulent in that he made intentional misrepresentations upon which the Plaintiff reasonably relied, to her detriment.[2] We find that the four elements of collateral estoppel delineated in *Grella*, 42 F.3d at 30, are present here, and based upon the standards discussed above we conclude that the Defendant has had his complete day in court, and that the Plaintiff is entitled to judgment as a matter of law pursuant to 11 U.S.C. § 523(a)(2)(A).

### The Punitive Damage Award

■■■ We agree with the majority view that "§ 523(a)(6) is the appropriate vehicle for considering the dischargeability of a punitive damage award, and that § 523(a)(6)'s discharge exception does encompass liability for punitive damages. *See Placer U.S., Inc. v. Dahlstrom (In re Dahlstrom)*, 129 B.R. 240, 244–45 (Bankr.D.Utah 1991) (extensively collecting authorities)." *Hallum v. Reynolds–Marshall (In re Reynolds–Marshall)*, 145 B.R. 1, 2 (Bankr.D.Me.1992), *aff'd*, 162 B.R. 51 (D.Me.1993). Section 523(a)(6) states that debts incurred "by willful and malicious injury" to another are nondischargeable.

> The exception is measured by the nature of the act, i.e., whether it was one which caused willful and malicious injuries. *All liabilities resulting therefrom are nondischargeable.* One liability is limited to actual compensation.... But for this type of conduct, yet another liability may be incurred if the jury under proper instructions sees fit to award it. That is for punitive damages. Both types of liability are within the statute as "liabilities" for "willful or malicious injuries to the person or property of another."

*Forbes*, 191 B.R. at 517. Because the Plaintiff met her burden at the higher standard, she would clearly satisfy the "justifiable reliance" test to be applied here.

---

**2.** While the jury used the standard of reasonable reliance, that test requires a higher burden of proof for the Plaintiff than the new *justifiable reliance* standard in a bankruptcy context. *See Field v. Mans*, —— U.S. at ——, 116 S.Ct. at 446;

*Moraes v. Adams (In re Adams),* 761 F.2d 1422, 1427–28 (9th Cir.1985); *see also Reynolds–Marshall,* 145 B.R. at 2. Based on the record of the State Court proceedings, and as we are bound to apply the bankruptcy law in light of that record, it is ORDERED that the jury award of punitive damages in the amount of $30,000 is also nondischargeable.

Enter Judgment consistent with this opinion.