Theodore PICARD

v.

STATE of Rhode Island et al.

No. 97–93–A.

Supreme Court of Rhode Island.

June 2, 1997.

Stephen J. Dennis, Providence.

Virginia M. McGinn, Providence.

### ORDER

This matter is here on the plaintiff's appeal from a Superior Court judgment in favor of the defendants, in accordance with Super.R.Civ.P. 56. After consideration of the prebriefing materials, this case was assigned to the full court for a session in conference in accordance with Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure.

This court reviews a Superior Court justice's decision on summary judgment by the same standards as those employed by the trial justice. *Avco Corp. v. Aetna Cas. & Sur. Co.,* 679 A.2d 323, 327 (R.I.1996). In so doing, we review the pleadings, depositions, answers to interrogatories, admissions on file, and the affidavits to determine if a genuine issue of material fact exists. *Id.* We conclude from our review in this case that the hearing justice correctly ruled that no genuine issues of material fact exist.

The plaintiff, an employee of the Department of Transportation, released confidential auditing information to a local newspaper reporter in the belief that the defendants would violate state and federal laws. As a result of the plaintiff's actions, he was placed on administrative leave and subsequently terminated from his position. The plaintiff's union filed a grievance on his behalf protesting the termination. The grievance was denied and the matter proceeded to arbitration, where it was determined that the defendants had just and sufficient cause for plaintiff's termination.

The plaintiff then filed a complaint in Superior Court pursuant to G.L. 1956 (1995 Reenactment) § 28–50–1, the Rhode Island Whistleblowers' Protection Act (the Act). The plaintiff alleged that he was terminated from his position for retaliatory reasons for his whistle blowing activities.

The defendants moved for summary judgment on the grounds that plaintiff was not entitled to relief under the Act because he neither reported a violation to a "public body" nor set forth a violation of law committed by the defendants. We agree.

The Whistleblowers' Act provides relief to an employee discharged for reporting a known violation of state and federal laws by an employer. The Act provides in pertinent part:

(a) A person who alleges a violation of this act may bring a civil action for appropriate injunctive relief, or actual damages, or both within three (3) years after the occurrence of the alleged violation of this chapter.

. . . . .

(d) An employee shall show by clear and convincing evidence that he or she or a person acting on his or her behalf was about to report to a public body, verbally or in writing, a violation, which the employee knew or reasonably believed had occurred or was about to occur, of a law of this state, a political subdivision of this state, or the United States.

A public body is defined in § 28–50–2(4) as follows:

(i) A state officer, employee, agency, department, division, bureau, board, commission, council, authority, or other body in the executive branch of state government.

The trial justice concluded, and we agree, that the plaintiff did not have a cause of action pursuant to the Act because the reporting of a violation to a newspaper reporter does not comport with the requirements of the Act.

We have carefully considered the record in this case and the arguments of the appellant, and for the reasons stated above, we find no error on the part of the Superior Court justice. Consequently, the plaintiff's appeal is denied and dismissed.