DECISION
Before this Court are James Belanger's and Henry Silva's ("plaintiffs") motion for a new trial. The plaintiffs move for a new trial on their claims under the Rhode Island Whistleblower Act, R.I.G.L. § 28-50-1
et seq. (the "Act") on the grounds of erroneous evidentiary rulings.
 Facts and Travel
The plaintiffs' wrongful termination action was tried before a jury in November of 2001. During September and October of 1996, the plaintiffs were employees of AF Plating Company, Inc. ("defendant"), a company primarily involved in the electroplating business. Plaintiffs alleged at trial that they were asked by the owner and president of defendant company, Antonio Alfieri ("Alfieri"), to illegally dispose the hazardous waste that is a by-product of defendant's business. Instead, during or about the month of September of 1996, plaintiff Belanger anonymously reported Alfieri's illegal dumping of hazardous waste to the Narragansett Bay Commission ("NBC") and to the Rhode Island Department of Environmental Management ("DEM"). During or about October of 1996, plaintiff Silva made a similar anonymous report about defendant's alleged violations to NBC and DEM. In October of 1996, defendant Alfieri terminated plaintiff Belanger for cause and plaintiff Silva for lack of work.
On or about February 18, 1998, defendant Alfieri pled nolo contendere
to illegally disposing hazardous waste in violation of R.I.G.L. §§23-19.1-18(c) and 23-19.1-18(i) and was fined. In May of 1998, the plaintiffs timely filed a civil suit under § 28-50-4 of the Act, alleging that their termination was in retaliation for their refusal to participate in the criminal act to which defendant pled and for reporting said criminal activity. On October 18, 2001, defendant filed a motion in limine to preclude evidence of defendant's plea of nolo contendere. This Court granted the defendant's motion. At the close of the evidence at trial, the jury found in favor of the defendant on all charges.
On November 19, 2001, the plaintiffs filed the instant motion for a new trial. In their motion, the plaintiffs assert that the Court committed error in excluding evidence of defendant Alfieri's nolo contendere plea to the charge of illegal disposal of hazardous waste and all other evidence surrounding that plea, including that of the criminal investigation by DEM and NBC.
 Standard of Review
This case comes before this Court pursuant to Super. R. Civ. 59, which provides that:
 "[a] new trial may be granted to all or any of the parties and on all or part of the issues, (1) in an action in which there has been a trial by jury for error of law occurring at trial or for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of this state."
The 1995 amendment to Rule 59 "significantly expanded the traditional grounds for the grant of a new trial and served to conform our rule to its federal counterpart." Votolato v. Merandi, 747 A.2d 455, 460 (R.I. 2000). The rule assumes that "any error of law, if prejudicial, is a good ground for a new trial." Id. (citing 11 Wright Miller, Federal Practiceand Procedure: Civil 2d, § 2805 at 55 (1995)). As such, an error of law constitutes an abuse of the trial justice's discretion. See id.
The role of a trial justice when reviewing a motion for a new trial is well-settled in this jurisdiction. The trial justice, sitting as an extra juror, must "independently weigh, evaluate and assess the credibility of the trial witnesses and evidence." Graff v. Motta, 748 A.2d 249, 255 (R.I. 2000) (quoting Morrocco v. Piccardi, 713 A.2d 250, 253 (R.I. 1998) (per curiam)). He or she may accept some or all of the evidence and reject testimony because it is impeached or contradicted by other positive testimony or by circumstantial evidence or because it is inherently improbable or at variance with undisputed physical facts or laws. Barbatov. Epstein, 97 R.I. 191, 193, 196 A.2d 836, 837 (1964). The trial justice also may add to the evidence by drawing proper inferences. Id. at 193-94, 196 A.2d at 837.
Upon determining that the evidence is evenly balanced or is such that reasonable minds, in considering the same evidence, could come to different conclusions, the trial justice must allow the verdict to stand, Graff, 748 A.2d at 255, even if the trial justice entertains some doubt as to its correctness. Marcotte v. Harrison, 443 A.2d 1225, 1232 (R.I. 1982). However, if after making an independent review of the evidence, the trial justice finds that the jury's verdict is against the fair preponderance of the evidence and fails to do substantial justice, the verdict must be set aside. Reccko v. Criss Cadillac Co., Inc.,610 A.2d 542, 545 (R.I. 1992) (citing Sarkisian v. New Paper, Inc.,512 A.2d 831, 835 (R.I. 1986)). Even though the trial justice "need not perform an exhaustive analysis of the evidence, he or she must refer with some specificity to the facts which prompted him or her to make the decision so that the reviewing court can determine whether error was committed." Reccko, 610 A.2d at 545 (citing Zarrella v. Robinson,460 A.2d 415, 418 (R.I. 1983)).
The plaintiffs request a new trial in light of this Court's exclusion of the evidence of defendant's nolo contendere plea. They contend that this Court's error as a matter of law contributed to the plaintiffs' loss on their civil claims by precluding material information from the jury during the trial. The plaintiffs assert that the defendant's plea to, and the investigation of, the crime for which they reported him to NBC and DEM and for which they were wrongfully terminated was relevant and more probative than prejudicial. The plaintiffs' aver that relevancy and probative value existed because such evidence would fulfill an essential element of their case, one necessary to meet their burden of proof on the retaliatory discharge claim. Finally, the plaintiffs' argue that the excluded evidence was admissible to impeach the defendant's credibility under Rhode Island Rules of Evidence, Rule 609.
 Relevance, Probative Value, and Prejudice
The plaintiffs argue that they should have been allowed to present evidence of the NBC's and DEM's investigations and defendant's subsequentnolo contendere plea because it was relevant and probative as an essential element of their wrongful termination claim. While the Rhode Island Rules of Evidence deal with relevance and probative value in two separate rules, Rule 402 and 403, they are based on similar principles that evidence offered must be related to the case and serve as a link in the chain of proof of the claims. The main distinction between the two rules is that an evidentiary decision about the relevance of a fact under Rule 402 can disqualify said fact from being introduced at trial. Thus, pursuant to Rule 402 of the Rhode Island Rules, "[a]ll relevant evidence is admissible" and conversely, "[e]vidence which is not relevant is not admissible." See Jameson v. Hawthorne, 635 A.2d 1167, 1170 (R.I. 1994). An evidentiary decision about the admissibility of a fact by weight of its probative value under Rule 403, however, must be made by balancing said value against any prejudicial effect on the party against whom the evidence is offered. Id.
"In order to be legally relevant . . . an item of evidence ha[s] to have some extra bit of probative power sufficient to outweigh the costs of any untoward results of its admissibility." 22 Charles Alan Wright 
Kenneth W. Graham, Jr., Federal Practice and Procedure: Evidence, § 5162 at 18 (1978). "In other words, legal relevancy denotes, first of all, something more than a minimum of probative value. Each single piece of evidence must have a plus value." 1 Wigmore, Evidence § 28, at 409-410 (3d Ed. 1940) (emphasis in original).
It is well-settled in this jurisdiction that "determinations of relevance and prejudice are within the sound discretion of the trial justice, and such determinations will be upheld absent a showing of an abuse of this discretion." DiPetrillo v. Dow Chemical Co., 729 A.2d 677, 692 (R.I. 1999). "The judge, in his efforts to prevent the jury from being satisfied by matters of slight value, capable of being exaggerated by prejudice and hasty reasoning, has constantly seen fit to exclude matter which does not rise to a clearly sufficient degree of value." 1 Wigmore, Evidence § 28, at 409-410. The exclusion of relevant, material, and probative evidence "is not reversible error unless the trial judge abused his discretion, thereby causing substantial injury to the party seeking the admission of such evidence. Substantial injury occurs only if such evidence was relevant and material to a crucial issue, and if the evidence, if admitted, would have a controlling influence on a material aspect of the case." Gaglione v. Cardi,120 R.I. 534, 388 A.2d 361, 363 (1978).
Pursuant to R.I.G.L. § 28-50-3:
 "[a]n employer shall not discharge, threaten, or otherwise discriminate against an employee regarding the employee's compensation, terms, conditions, location, or privileges of employment: (1) [b]ecause the employee, . . ., reports or is about to report to a public body, verbally or in writing, a violation which the employee knows or reasonably believes has occurred or is about to occur, of a law or regulation or rule promulgated under the law of this state. . . ."
This chapter, the Rhode Island Whistleblowers' Protection Act, forbids an employer from discharging in retaliation an employee who "blows the whistle" about his or her employer's illegal or wrongful actions to a public body and provides relief and damages to the employee who qualifies under the Act. See e.g., Picard v. State of Rhode Island, 694 A.2d 754
(R.I. 1997). To be entitled to relief and damages under this section, an employee must prove by clear and convincing evidence that he or she was "discharged, threatened or otherwise discriminate[d] against" because "heor she or a person acting on his or her behalf reports or is about to report to a public body, verbally or in writing, a violation" of state law. R.I.G.L. § 28-50-4(d) (emphasis added).
Plaintiffs argue that the jury needed to hear evidence concerning defendant's criminal plea to the state law violations in order to find that they were whistleblowers entitled to relief and damages under the Act. It is well-settled that when statutory language is unambiguous and expresses a clear meaning, a court must interpret the statute literally and give the words their plain and obvious meaning. Bandoni v. State ofRhode Island, 715 A.2d 580, 584 (R.I. 1998). Under the plain and obvious meaning of the statute, the plaintiffs must show that they were terminated by the defendant solely because they reported the defendant's violations of state law to a public body. However, there is no requirement in the statute that the plaintiffs prove that the defendant was prosecuted, pled guilty, or convicted of the charges made against him by the plaintiffs. The statute also does not require the plaintiffs to present evidence of those investigations or charges. Additionally, the language of the statute does not require plaintiffs who make Whistleblower claims to prove that their report caused the public body to conduct an investigation about or pursue criminal charges against the defendant. Thus, the defendant's confession or conviction by plea of nolocontendere is not an element of the plaintiffs' claims as set out in the language of the statute. Excluding irrelevant, nonmaterial evidence, the admittance of which would not have had a controlling influence on their cases, did not cause substantial injury to the plaintiffs. Finding that the language of R.I.G.L. § 28-50-4(d) clearly and unambiguously sets out the standard and requirement of proof, this Court finds that the plaintiffs' claim that the exclusion of the agencies' investigation and defendant's plea from their civil proceeding was relevant and necessary to the effective presentation of their case under the Act must fail.
Additionally, R.I.G.L. § 28-50-(1) states that an employee is protected from termination if "he or she or a person acting on his or herbehalf reports or is about to report to a public body, verbally or in writing, a violation . . . ." (Emphasis added.) Under the plain and clear meaning of that section, it is unambiguous that the employee himself or herself or someone acting in his or her name must blow the whistle on his or her employer. This Court and the jury heard evidence that the plaintiffs' report to the agencies was anonymous. Thus, it is questionable whether the plaintiffs even qualify as whistleblowers protected under the Act because the statute specifies that the employee must report or be about to report the violation to a public body and Belanger and Silva did not identify themselves when they called NBC and DEM to report defendant's violations.
This Court must deny this motion for a new trial because reasonable minds could have differed over whether there was a substantial nexus between the anonymous report made to the agencies and the termination of employment. The plaintiffs made their anonymous reports to the NBC and DEM in September and October of 1996. Their employment was terminated in October of 1996 for poor work performance, absenteeism, and lack of work. When defendant Alfieri learned he was being investigated by NBC and DEM, he had no knowledge that either plaintiff was responsible for the report to NBC and DEM.
The Rhode Island Supreme Court has discussed situations in which an employer terminates an employee for cause related to his or her performance or position and the employee disputes the employer's reasoning, arguing the termination was retaliatory in nature. In State ofRhode Island, Office of the Secretary of State v. R.I. State LaborRelations Board et al., 694 A.2d 24 (R.I. 1997), an employee with the Secretary of State's Office alleged that she was terminated by the newly elected Secretary for attempting to organize her fellow employees into a union. Despite the Secretary's claim that she did not know the employee was involved in a union and that the employee was terminated as part of her reorganization plan upon her ascension to office, the employee was reinstated and awarded back pay by the Labor Relations Board. On appeal, the Supreme Court reversed the decision of the trial court upholding the Board's award, finding that the inferences drawn between arguably anti-union statements made by one member of the Secretary's staff and the employee's termination were too tenuous to be sustained. Id. at 28. The evidence on the record that the staff member made the comment after the employee was terminated and that the Secretary was entitled to eliminate, create, and change positions in her office made clear that other reasonable causes existed to terminate the employee. Id. at 29-30.
The jury and this Court heard evidence about the plaintiffs' employment history with the defendant company. In plaintiff Belanger's case, such employment history, while brief, was notable for shoddy and careless work, and a complete lack of dependability. In the four weeks of his employment, Belanger never once worked a full week and during one two-week period, he worked a total of only eight hours. In the case of plaintiff Silva, there was testimony that, ultimately, there was not enough work to justify keeping him on as an employee. There was ample evidence from which a trier of fact could find that the defendant had reasonable grounds, unrelated to any anonymous report of illegal conduct, to terminate the plaintiffs' employment.[1] Credible evidence was presented upon which the jury could find that there was no nexus between the plaintiffs' termination and their anonymous reports to the agencies was presented. This Court finds that the jury's verdict was supported by the fair preponderance of the evidence.
The plaintiffs contend that it was error to exclude evidence of the investigation of the illegal dumping and defendant's subsequent plea. The plaintiffs persisted throughout the trial of this civil matter to characterize this case in a criminal context. There is no question that this none too subtle and disingenuous strategy was designed to unduly prejudice and inflame the jury and divert attention from the plaintiffs' flimsy case.[2]
 Rule 403 Balancing Test
During arguments on their motion for a new trial, the plaintiffs argued that the defendant's plea to the criminal charges and the information gleaned from the investigation by the public bodies was more probative than prejudicial and thus should have been admitted under Rule 403's balancing test. While this Court has ruled that the nolo contendere plea evidence was properly excluded under Rule 402 as irrelevant and therefore, not admissible, this Court will discuss plaintiffs' arguments in relation to Rule 403 as further support of its ruling that the evidence was properly excluded and denial of the plaintiffs' motion for a new trial.
Rule 403 of the Rhode Island Rules of Evidence, modeled after the Federal Rules of Evidence, states that "relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Therefore, a party seeking to exclude evidence as more prejudicial than probative may request that a court grant a pre-trial motion in limine to prevent the evidence from being presented to the jury. A motion in limine is "widely recognized as a salutary device to avoid the impact of unfairly prejudicial evidence upon the jury and to save a significant amount of time at the trial." Ferguson v. MarshallContractors, Inc., 745 A.2d 147, 150 (R.I. 2000) (quoting Gendron v.Pawtucket Mutual Insurance Co., 409 A.2d 656, 659 (Me. 1979)). The burden of demonstrating that the excluded evidence was material and that its exclusion had a prejudicial influence on the decision rests upon the party seeking the admission of the evidence. Id. "The exclusion of such evidence will not constitute a basis for reversal unless the trial justice abused his discretion . . . thereby causing substantial injury to the party seeking the admission of such evidence." Kelaghan v. Roberts,433 A.2d 226, 232 (R.I. 1981) (citations omitted). Plaintiffs objected to the defendant's motion in limine because they argued that the evidence of defendant's plea of nolo contendere was relevant, material, and more probative than prejudicial to their civil case against the defendant for wrongful termination. The defendant argued in support of his motion that the evidence should be withheld from the jury because, among other things, the conviction occurred after the facts of the case, was too remote in time, and unfairly prejudicial to the defendant. The purpose of a motion in limine is to "prevent the proponent of potentially prejudicial matter from displaying it to the jury . . . in any manner until the trial court has ruled upon its admissibility in the context of the trial itself." State v. Fernandes, 526 A.2d 495, 500 (R.I. 1987). Under the traditional Rule 403 balancing test, the proponent of the evidence must prove that the evidence sought to be admitted is more probative to the case than prejudicial to the party against whom the evidence is offered. This Court has previously found in its decision that the defendant's plea was not an element of proof in plaintiffs' case and as such, the defendant's plea of nolo contendere was not relevant or material to plaintiffs' claims and as such, was certainly not probative evidence necessary to meet their burden.
In this case, this Court exercised its discretion to exclude the nolo contendere plea evidence from the jury before the trial not only because that evidence was inadmissible under Rule 402 as irrelevant, but also under Rule 403 because of its prejudicial impact on the defendant. During the trial on the merits, this Court had the opportunity to review the evidence and evaluate whether the issues of relevance or prejudice changed when presented in the context of the trial. See id. As the plaintiffs' case progressed, they repeatedly and onerously attempted to turn this civil matter into a criminal matter by focusing on the defendant's criminal plea as an indictment on the wrongful termination claims.
Furthermore, in making his motion in limine, defendant raised the issue that his criminal plea should not be admitted because its remoteness in time from the actual termination was unduly prejudicial. Plaintiffs argued that the conviction is not too remote in time from the terminations because it is conceivable that it would take the agencies and the Attorney General's Office time to investigate and prosecute the defendant's violations.
"[T]he determination of what is so remote as to constitute undue prejudice is an issue to be left to the discretion of the trial judge."State v. Simpson, 606 A.2d 677, 680 (R.I. 1992). This Court finds that the plaintiffs sought to purposefully confuse the issues before the jury by attempting to use the defendant's plea as the causal link in the chain of "but for" causation between the conviction and their termination. However, this Court notes that "but for" causation necessitates that the employee must be able to show that he or she would not have been fired had it not been for the protected conduct. The jury could have reasonably concluded from the anonymity of the report that the defendant had no knowledge that either plaintiff was the individual who reported his activities to the NBC and DEM in the fall of 1996 when he terminated their employment. The agency's investigations continued for approximately two years after the report and plaintiffs' termination. The defendant did not plead nolo contendere to the charges made by the investigating agencies until May of 1998. This Court finds that the conviction occurring two years after the anonymous report was too remote from the plaintiffs' alleged retaliatory termination in 1996 to be considered in this civil matter and was unduly prejudicial to the defendant.
Plaintiffs also argued that the defendant's criminal plea should have been admitted under Rule 609 of the Rhode Island Rules of Evidence as a prior conviction useful to impeach the credibility of a witness. Rule 609(b) states that "[e]vidence of a conviction under this rule is not admissible if the court determines that its prejudicial effect substantially outweighs the probative value of the conviction." As this Court has previously found that the defendant's plea was more prejudicial than probative and not relevant to plaintiffs' case because proof of a conviction was not an element of a claim under the Act, plaintiffs' argument that the evidence should have been admitted under Rule 609 is without merit.
 Punitive Damages
Punitive damages are "considered an extraordinary sanction and 
disfavored in the law, but will be permitted if awarded with great caution and within narrow limits." Palmisano v. Toth, 624 A.2d 314, 318 (R.I. 1993). A "party seeking punitive damages has the burden of producing `evidence of such willfulness, recklessness or wickedness, on the part of the party at fault, as amount[s] to criminality, which for the good of society and warning to the individual, ought to be punished.'" Id. (quoting Sherman v. McDermott, 114 R.I. 107, 109,329 A.2d 195, 196 (1974)). It is up to the determination and discretion of the trial justice whether this burden has been met and whether punitive damages are appropriate. Id. As the plaintiffs failed to meet their burden of proof with respect to wrongful termination, this Court further denies plaintiffs' motion for a new trial with respect to damages.
 Conclusion
After carefully reviewing all of the evidence of record, along with the arguments of counsel, this Court finds that in its rulings there are no errors of law warranting a new trial. This Court is satisfied that with respect to the evidence before it, reasonable minds could differ. Accordingly, the plaintiffs' motion for a new trial is denied. Furthermore, claims for costs, attorneys' fees, and punitive damages are also denied.
Counsel shall prepare the appropriate judgment for entry.
[1] See Volino v. General Dynamics, 539 A.2d 531, 532-3 (R.I. 1988) (wherein the Court relied on the employer's evidence that the employee had a history of absenteeism and whose termination was precipitated by his leaving the plant during a work day without authorization in violation of policy, instead of relying on employees' argument from his pleadings that he was fired in retaliation for reporting incidents of malpractice).
[2] It should be noted that to the extent testing was done of the byproducts of defendant's business on three occasions around the time of the anonymous calls, the results of such testing were mixed. The results were negative, positive, and inconclusive.